ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, LIMITED, v. J. B. RODGERS.

No. 6982. Decided October 28, 1936.
Rehearing overruled November 25, 1936.
(97 S. W., 2d Series, 674.)

*Shannon, Ochsner & Pheiffer,* of Amarillo, for plaintiff in error.

When Rodgers instituted and prosecuted his so-called appeal from the award of the Indistrial Accident Board, such award was abrogated and became a nullity and could not thereafter be revived by a suit filed under the provisions of Article 8307, Section 5a, R. S., 1925. Ocean Accident & Guaranty Corp. v. May, 15 S. W. (2d) 594; Peoples v. Texas Indemnity Ins. Co., 22 S. W. (2d) 151.

*L. B. Goodwin* and *Kimbrough & Boyce,* all of Amarillo, for defendant in error.

The Workmen's Compensation Act, in granting the right to any interested party to file suit to set aside an award of the Industrial Accident Board, does not, in fact, provide for an appeal from such award, but rather for the institution of an independent suit to set aside such award; and when suit has been instituted to set aside an award in his favor, the claimant took a nonsuit at the proper time and without any prayer for affirmative relief on the part of the insurance company and the cause was dismissed upon such motion without objection

by the insurance company the award became again into full force and effect subject to be enforced as provided by law. Maryland Casualty Co. v. Latham, 41 Fed. (2d) 756; Ocean Acci. & Guar. Corp. v. McCall, 25 S. W. (2d) 653; Republic Underwriters v. Howard, 69 S. W. (2d) 584.

MR. JUSTICE SHARP delivered the opinion of the court.

On November 21, 1932, the Industrial Accident Board awarded J. B. Rodgers $4.00 per week for 150 weeks against the Zurich General Accident & Liability Insurance Company, Ltd., as compensation upon a claim theretofore filed by him under the Texas Workmen's Compensation Law, Vernon's Annotated Civil Statutes, Article 8306 et seq. Both Rodgers and the Insurance Company filed notice of intention not to abide by the award. Thereafter Rodgers timely filed suit in the District Court to set aside the award; to which the Insurance Company answered only by general demurrer and general denial. On February 17, 1934, without objection from the Insurance Company, Rodgers took a nonsuit, the suit was dismissed, and judgment was duly entered that the Insurance Company go hence without day and with its costs. Subsequent thereto Rodgers filed suit in the District Court against the Insurance Company to mature the original award made by the Industrial Accident Board, and for a twelve per cent penalty and attorney's fees. The cause was tried before the court without a jury, and judgment was rendered in his favor as prayed for. The Court of Civil Appeals affirmed the judgment of the trial court. 83 S. W. (2d) 713. Writ of error was granted.

This case is narrowed to one question for decision. Rodgers contends, and the Court of Civil Appeals so held, that a suit to set aside an award of the Industrial Accident Board is in the nature of an appeal, and operates only to suspend the award, and that when he, after instituting said suit to set aside the award, thereafter took a nonsuit, and the cause was dismissed without objection from the Insurance Company, such award again became in full force and effect, and subject to be enforced. On the other hand, the Insurance Company contends that the institution and prosecution of a suit to set aside an award of the Industrial Accident Board, in a court which acquires jurisdiction of the issues and parties thereto, nullifies such award.

The facts are undisputed. Rodgers had secured an award from the Industrial Accident Board, and both he and the Insurance Company gave notice of dissatisfaction with the award.

In due time Rodgers filed suit in a court of competent jurisdiction to set aside the award made by the Industrial Accident Board, and the Insurance Company joined issue in said suit by filing a general denial and general demurrer. At a later date a trial was had before a jury. The evidence was closed and the charge of the court prepared, and exceptions to the charge were taken by both parties. Then Rodgers filed a motion to take a nonsuit, and the suit was dismissed. Thereafter the present case to mature the award and collect penalty and attorney's fees was filed. Judgment was rendered by the trial court, and affirmed by the Court of Civil Appeals, as above stated.

A decision of the question involves the construction of Sections 5 and 5a of Article 8307 of the Workmen's Compensation Law, Vernon's Annotated Civil Statutes. The pertinent parts read as follows:

"Sec. 5. All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the Board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided. Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provision of this law and the suit of the injured employe or person suing on account of the death of such employe shall be against the association if the employer of such injured or deceased employe at the time of such injury or death was a subscriber as defined in this law. If the final order of the Board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and the Court shall in either event determine the issues in such cause instead of the Board upon trial de novo and the burden of proof shall be upon the party claiming compensation. The Industrial Accident Board shall furnish any interested party in said claim pending in Court upon request free of charge, with a certified copy of the notice of the employer becoming a subscriber filed with the Board and the same when properly certified to shall be

admissible in evidence in any Court in this State upon trial of such claim therein pending and shall be prima facie proof of all facts stated in such notice in the trial of said cause unless same is denied under oath by the opposing party therein. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this law. If any party to any such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto, and, if the same is against the association, it shall at once comply with such final ruling and decision, and failing to do so the Board shall certify the fact to the Commissioner of Insurance and such certificate shall be sufficient cause to justify said Commissioner to revoke or forfeit the license or permit of such association to do business in Texas. (Acts 1917, p. 269; Acts 1927, 40th Leg., p. 328, ch. 223, sec. 1; Acts 1931, 42nd Leg., p. 378, ch. 224, sec. 1.)

"Sec. 5a. In all cases where the board shall make a final order, ruling or decision as provided in the preceding section and against the association, and the association shall fail and refuse to obey or comply with the same and shall fail or refuse to bring suit to set the same aside as in said section is provided, then in that event, the claimant in addition to the rights and remedies given him and the board in said section may bring suit where the injury occurred, upon said order, ruling or decision. If he secures a judgment sustaining such order, ruling or decision in whole or in part, he shall also be entitled to recover the further sum of twelve per cent as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee for the prosecution and collection of such claim. * * *"

It clearly appears from the foregoing provisions of the statute that after the Industrial Accident Board has made an award on a claim, any interested party who is not willing to abide by the final decision of the Board shall have twenty days within which to file his notice that he will not abide by such final ruling or decision. Furthermore, the law provides that within twenty days after giving such notice, such party not willing to abide by such ruling or decision shall bring suit in the county where the injury occurred, to set aside the final ruling or decision of the Board; and the Board shall proceed no further toward an adjustment of the claim. It also provides that the court shall determine the issues in such cause, instead

of the Industrial Accident Board, upon trial de novo, and the burden of proof shall be upon the party claiming compensation.

■ When we read the foregoing articles of the statute in the light of Section 16 of Article 5 of the Constitution of Texas, Article 2178 of the Revised Civil Statutes, and the many decisions of our courts relating to the established rule governing trials de novo, it clearly appears that it was the intention of the Legislature, in the passage of this law, to allow any person brought under the jurisdiction of the Industrial Accident Board, and who is not willing to abide by the Board's final decision, to take the entire case to a court of competent jurisdiction; which court, under the law, is vested with full power to determine the issues and the rights of all parties involved, and to try the case just as if the suit had been filed originally in such court. Lumberman's Reciprocal Assn. v. Behnken et al., 112 Texas, 103, 246 S. W., 72, 28 A. L. R., 1402. When such court acquires jurisdiction of the cause and the parties, the burden of obtaining judgment for compensation in the court where the case is pending rests upon the claimant. The award of the Industrial Accident Board is vacated and is no longer in force. Southern Casualty Co. v. Fulgerson (Com. App.), 45 S. W. (2d) 152; Mingus v. Wadley et al., 115 Texas, 551, 285 S. W., 1084; Federal Surety Co. v. Jetton (Com. App.), 44 S. W. (2d) 923.

Rodgers invoked the jurisdiction of the District Court to set aside the award of the Industrial Accident Board, and not to enforce it. He saw fit to take a nonsuit and dismissal of his suit in the District Court. Such nonsuit and dismissal were not for lack of jurisdiction by the court. No request was ever made by Rodgers for reinstatement of the case in the District Court. He undertook to have the award made by the Industrial Accident Board in his favor enforced. This could not be done. That award had been vacated when suit was filed by Rodgers in the District Court and that court acquired jurisdiction of the issues and parties involved in the award.

■ The rule has long obtained in this State that where cases are brought up from inferior courts they shall be tried de novo. This means that the parties occupy the same position in the court appealed to that they occupied in the court where the suit was originally filed. When the court appealed to acquires jurisdiction of the cause and the parties, the judgment of the lower court is vacated. Article 2178, Revised Civil Statutes; Article 5, Section 16, Constitution of Texas; 26 Tex. Jur., p. 887, sec. 89 and cases cited in the notes; Harter v. Curry, 101 Texas,

187, 105 S. W., 988; Bender v. Lockett, 64 Texas, 566; Moore v. Jordan, 65 Texas, 395.

■ This record shows that when Rodgers instituted his suit in the District Court to set aside the award of the Industrial Accident Board, that court acquired full jurisdiction of the cause and the parties, to determine the interests of all the parties therein; and this operated to avoid the award made by the Industrial Accident Board. The burden rested upon Rodgers to obtain judgment in his favor in the court to which he had appealed; and if he failed to do so, and took a nonsuit therein, and the cause was dismissed, as was done, he could not then enforce the award made by the Industrial Accident Board. The Board had lost jurisdiction of that claim. Therefore, the trial court and the Court of Civil Appeals erred in holding that Rodgers could maintain his suit for the enforcement of the original award made by the Industrial Accident Board.

The judgments of the trial court and the Court of Civil Appeals will be reversed, and judgment entered herein against Rodgers and in favor of the Zurich General Accident & Liability Insurance Company, Ltd.

Opinion delivered October 28, 1936.

Rehearing overruled November 25, 1936.