McKinley J. **RICHARDS, Appellant,**

v.

**CONSOLIDATED UNDERWRITERS et al.,**
Appellees.

No. 6873.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 19, 1967.

Rehearing Denied Feb. 1, 1967.

Waldman & Smallwood, Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellees.

STEPHENSON, Justice.

This is a suit brought by McKinley J. Richards under the Workmen's Compensation Law of the State of Texas. Motions for summary judgment were filed by both Consolidated Underwriters and Liberty Mutual Insurance Company and both were granted. This appeal is from the judgment granted Liberty Mutual Insurance Company. The parties will be referred to here as they were in the trial court.

Plaintiff filed notice of injury and claim for compensation alleging he was injured while working for Mabry Foundry and Machine Company and/or Iron Castings, Inc. Consolidated Underwriters was the insurance carrier for Mabry Foundry and Machine Company, and Liberty Mutual for Iron Castings, Inc. The Industrial Accident Board entered a final award denying plaintiff's claim for compensation. Plaintiff gave notice of appeal and then within 20 days from such notice, filed suit against Consolidated Underwriters. Defendant Liberty Mutual was first named as a defendant by plaintiff's second amended

original petition which was filed more than four months later.

The primary question to be determined in this case is whether the trial court erred in granting defendant's motion for summary judgment on the ground that such trial court lacked jurisdiction to hear this case because suit was not filed against this defendant within 20 days following the notice of intention to appeal.

Article 8307, § 5, Vernon's Ann.Civ.St., reads in part as follows:

> "* * * Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision, and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided. * * * Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law, and the suit of the injured employee or person suing on account of the death of such employee shall be against the Association, if the employer of such injured or deceased employee at the time of such injury or death was a subscriber as defined in this law. * * *"

 The Commission of Appeals in Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S.W. 195, held that both the time and place of filing a compensation case under the above quoted statute, are jurisdictional. The courts of this state have consistently followed this pronouncement of the law. Even though the precise situation in this case has not been passed upon in this state, we have concluded that this general statement of the law must be followed.

 It has been held that this provision in Article 8307, § 5, V.A.C.S., requiring suit to be filed within 20 days after the motion of intention to appeal is a general statute of limitation. Braden v. Transport Ins. Co., Tex.Civ.App., 307 S.W.2d 655. The filing of this suit against Consolidated Underwriters did not toll the statute of limitation as to defendant Liberty Mutual. Brown v. McMillan Material Co., Tex.Civ.App., 108 S.W.2d 914. Plaintiff did not allege fraud or any other ground which prevented the statute of limitation from running. The trial court properly granted the motion for summary judgment.

Affirmed.