Camilio MOSQUEDA, Appellant,

v.

The HOME INDEMNITY COMPANY, Appellee.

No. 453.

Court of Civil Appeals of Texas.

Corpus Christi.

June 30, 1969.

Rehearing Denied July 31, 1969.

Larkin T. Thedford, Cullen B. Vance, Edna, for appellant.

Allison, Baker & White, Guy Allison, Corpus Christi, for appellee.

OPINION

SHARPE, Justice.

This suit was instituted on December 30, 1965 in the district court of Jackson County, Texas by appellant, Camilio Mosqueda, against appellee, The Home Indemnity Company, under section 5a, Art. 8307, Vernon's Ann.Civ.St., to enforce an order of the Industrial Accident Board

dated November 5, 1965 in Board case No. D–60657, styled George Zapata Mosqueda, Deceased v. Southwestern Motor Transport, Inc., awarding to appellant the sum of $35.00 per week for 360 consecutive weeks beginning April 16, 1965, less attorney's fees of 15%, to be paid by appellee, the Workmen's Compensation Insurance Carrier for Southwestern. Appellant sought recovery of the full amount of the award together with twelve per cent damages and reasonable attorney's fees.

Both parties filed motions for summary judgment. Appellee also filed a plea in abatement asserting that the trial court was without jurisdiction. Appellee's motion for summary judgment (as amended and supplemented) and its plea in abatement asserted in substance that a prior appeal had been taken by appellee from the award of the Industrial Accident Board by filing suit in the 105th District Court of Nueces County, Texas in Cause No. 88338–D, styled The Home Indemnity Company v. Marcelo Mosqueda, et al, in which final judgment was reentered setting aside the award of the Board and disposing of all matters relative thereto; and that the district court of Jackson County was without jurisdiction. Alternatively, appellee moved for summary judgment that appellant take nothing by his suit.

Appellant's motion for summary judgment and his reply to appellee's motion for such relief were in part premised upon the contention that the Nueces County judgment was not binding on appellant, Camilio Mosqueda, because he was not a party to that suit; that the judgment in the Nueces County case was prepared under the direction of the attorney for appellee by agreement with the attorney for Marcelo Mosqueda, a named defendant in that case, and disposed only of the latter's claim for funeral expenses.

The judgment of the trial court in the instant case reads as follows:

"ON THIS the 13th day of May, 1968 came on to be heard the above entitled and numbered cause, and the parties by and through their respective attorneys of record announced ready for trial, and it appearing to the Court that no jury was necessary in said cause, and the jury having been dismissed;

The Court proceeded to hear the testimony and evidence and considered the exhibits and pleadings and other instruments on file and made a part of the evidence, and the Plaintiff having presented his Motion for Summary Judgment, and the Defendant having presented its motions and opposition thereto and Motion for Summary Judgment;

And the Court having considered all of the said evidence, and having heard Defendant's, Home Indemnity Company, plea to the jurisdiction of the subject matter of the suit, the Court is of the opinion that the Motion for Summary Judgment and the Judgment for and on behalf of the Plaintiff, Camilio Mosqueda, be denied in that the Court is of the opinion that it does not have jurisdiction to grant the relief for which the Plaintiff prays, it is, accordingly;

ORDERED, ADJUDGED AND DECREED that the above entitled and numbered cause be, and the same is hereby dismissed for lack of jurisdiction of this Court, and that said cause be dismissed with costs of this Court assessed against Plaintiff for which let execution issue, if necessary, and to which ruling and judgment of the Court the Plaintiff did, in open Court, duly and timely except.

RENDERED AND ENTERED this the 28th day of May, 1968."

Appellant asserts two points of error as follows:

"POINT OF ERROR NO. 1:

The evidence having conclusively shown that Appellee, The Home Indemnity Company, failed to perfect an Appeal in the District Court of Willacy County, Texas, in accordance with the provisions

of Section 5 of Article 8307a of Vernon's Annotated Revised Civil Statutes of Texas, as amended, the Court erred in overruling Appellant's Motion for Summary Judgment and in dismissing this suit for lack of jurisdiction.

POINT OF ERROR NO. 2:

The Appellee, The Home Indemnity Company, having failed to have the Nueces County suit transferred to Willacy County, Texas, and having failed to make Appellant, Camilio Mosqueda, a Party Defendant in the Nueces County suit, while at the same time taking affirmative action in the present Jackson County suit, the court erred in not holding that Appellee was estopped from asserting, after the disposition of the Nueces County suit, that the District Court of Jackson County, Texas, was without jurisdiction."

The record reflects the following background facts. The claim asserted by Camilio Mosqueda, appellant, under the Workmen's Compensation Law grew out of an accident on April 16, 1965 in Willacy County, Texas in which George Zapata Mosqueda, (father of Camilio) was fatally injured while in the employment of Southwestern Motor Transport, Incorporated, of which appellee was the compensation insurance carrier. At the time of his father's death Camilio was a minor, but he became 21 years of age on September 25, 1965. On November 5, 1965, the Industrial Accident Board made its award to Camilio, as sole beneficiary of benefits on account of the death of his father, for $35.00 per week for 360 weeks. The Board also ordered appellee to reimburse Marcelo Mosqueda in an amount not exceeding $500.00 for payments paid or to be paid on the funeral bill of the deceased. Appellee gave notice of appeal and thereafter filed suit in Nueces County, as above-mentioned.

The record affirmatively shows that Camilio Mosqueda was not named as a party defendant in the suit filed by appellee

in Nueces County. In that suit appellee complained only of Louis Mosqueda and Marcelo Mosqueda. Louis Mosqueda (brother of Camilio Mosqueda) filed an answer in the Nueces County case in which he asserted that the award of the Board was not made to him; that he had no interest in the same; that, as shown by appellee's petition in the Nueces County suit, the injuries which resulted in the death of George Zapata Mosqueda were sustained in Willacy County, Texas, and that the suit should be transferred to that County; and that the award of the Industrial Accident Board in the claim involved was to Camilio Mosqueda, who was not a party to the Nueces County suit and who had become 21 years of age on September 25, 1965 and before the filing of the Nueces suit on December 10, 1965. Louis Mosqueda prayed that he be dismissed from the suit. Marcelo Mosqueda (brother of George Zapata Mosqueda, deceased,) filed an answer in the Nueces suit, consisting of a general denial, and also asserted a cross-action against appellee seeking to recover under Art. 8306, Sec. 9, V.A.C.S., funeral expenses in the amount of $500.00, being a portion of the amounts incurred by him on account of the burial of his deceased brother, plus attorney's fees.

On January 21, 1966 the 105th District Court of Nueces County rendered judgment in Cause No. 88388–D as follows:

"BE IT REMEMBERED that on the 21st day of January, 1966, came on to be heard the above styled and numbered cause, wherein the Home Indemnity Company is Plaintiff, and Louis Mosqueda and Marcelo Mosqueda are Defendants, and Marcelo Mosqueda is Cross-Plaintiff, and the Court, after examining the pleadings of counsel, determined that Louis Mosqueda has no interest in the the subject matter before the court, and further determined that the petition of the said Louis Mosqueda to be dismissed with his cause should be granted, and the attorneys further appearing and announcing unto the Court that the parties to the

above styled and numbered cause had arrived at an agreed judgment wherein the controversy heretofore existing would be settled by final judgment and the Court proceeded to hear evidence and determined that Marcelo Mosqueda should have judgment over and against the Home Indemnity Company for $500.00, and for all costs of court, and that any and all other and further relief that could have, or should have been requested by, or pleaded for by any party, should be, and the same is hereby denied, and all costs incurred herein should be taxed against the Home Indemnity Company, Plaintiff, for which execution should issue. If not paid within a reasonable time; further, that the award of the Industrial Accident Board of the State of Texas, heretofore made and entered into should be set aside and held for naught, and that out of the Five Hundred Dollars ($500.00) recovered by the said Marcelo Mosqueda, One Hundred Fifty ($150.00) Dollars should be awarded to the attorney of record for such Plaintiff, Bonilla, De Pena, Read & Bonilla.

IT IS, THEREFORE, ACCORDINGLY ORDERED, ADJUDGED AND DECREED by the Court as follows:

1. That the award of the Industrial Accident Board of the State of Texas heretofore made and entered in the Board's Cause No. D–60657, before said Board, styled George Zapata Mosqueda, deceased, vs. Southwestern Motor Transport, Inc., Employer, and Home Indemnity Company, Insurer, which award was rendered on the 5th day of November, 1965, be, and the same is hereby set aside and held for naught.

2. That Plaintiff, Marcelo Mosqueda, do have and recover of and from Defendant, Home Indemnity Company, the sum of FIVE HUNDRED ($500.00) DOLLARS, of which amount One Hundred Fifty ($150.00) Dollars are hereby awarded to Attorneys, Bonilla, De Pena, Read & Bonilla, Attorneys of record for such Plaintiff, as their fee for representing the Plaintiff before the Industrial Accident Board and for the institution and prosecution of this suit.

3. That all costs of this suit be, and the same are hereby taxed and adjudged against Cross-Defendant, Home Indemnity Company.

4. That any and all other relief prayed for, or which should have been the subject of the prayer for relief by any person in this cause not herein specifically awarded be, and the same is hereby denied.

It appearing to the Court that the Cross-Defendant, Home Indemnity Company, has made payment to the Cross-Plaintiff, Marcelo Mosqueda, and his said attorneys, in the sum of Five Hundred ($500.-00) Dollars, it is ordered that no execution may issue herein except in favor of the officers of this court, for costs of suit if same are not paid within a reasonable time.

SIGNED AND ENTERED this the 21st day of January, 1966."

The primary question presented here is whether the trial court erred in dismissing appellant's suit in Jackson County for enforcement of the award of the Industrial Accident Board on the recited ground of lack of jurisdiction. The only basis shown by the record for the holding of the trial court in such respect is that appellant was precluded from recovery in the instant suit because of the proceedings and judgment in the suit filed by appellee in the district court of Nueces County. We agree with appellant that the suit in Nueces County and the judgment rendered therein did not operate to deprive the district court of Jackson County of jurisdiction to grant relief to Camilio Mosqueda in his suit to enforce and mature the award filed in that county for the reasons hereafter to be stated.

Article 8307, Sec. 5, V.A.C.S., reads in part as follows:

"* * * Any interested party who is not willing and does not consent to abide

by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision, and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided. * * * Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law, and the suit of the injured employee or person suing on account of the death of such employee shall be against the Association, if the employer of such injured or deceased employee at the time of such injury or death was a subscriber as defined in this law. * * *"

■ Rule 22, Texas Rules of Civil Procedure, requires that "A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk." Rule 79, T.R.C.P., requires that "The petition shall state the names of the parties and their residences, if known, together with the contents prescribed in Rule 47 above." It is well settled that remedies under the Workmen's Compensation Act are purely statutory; that each step toward maturity of a compensation claim is a mandatory requirement necessary to invoke the jurisdiction of each statutory agency or court. The filing of a suit to set aside the award of the Industrial Accident Board within 20 days after notice of appeal therefrom is a jurisdictional requirement. Brown v. McMillan Material Co., 108 S.W.2d 914 (Tex.Civ.App., Eastland, 1937, writ refused) and cases therein cited.

■ We are of the opinion that under Sec. 5, Art. 8307, V.A.C.S., a suit to set aside an award of the Industrial Accident Board brought by the insurance carrier in

order to be effective as against the principal beneficiary under such award must name him as a party; and that a suit brought by the insurance carrier against other parties who have no interest or who have a claim for funeral expenses only, does not invoke the jurisdiction of the district court and empower it to hear and determine the cause between the insurance carrier and the principal beneficiary.

■ In Richards v. Consolidated Underwriters, et al., 411 S.W.2d 436 (Tex.Civ. App., Beaumont, 1967, writ refused) the court affirmed a summary judgment for a defendant on the ground that the trial court lacked jurisdiction to hear the case because suit was not filed against that defendant (appellee, Liberty Mutual) within 20 days following the notice of intention to appeal. There it appeared that the Industrial Accident Board denied plaintiffs' claim for compensation which involved two insurance carriers, Consolidated Underwriters and Liberty Mutual. After giving notice of appeal, plaintiff filed suit within 20 days only against Consolidated Underwriters. Liberty Mutual was first named as a defendant by plaintiff's second amended original petition filed more than four months later. The court held in part as follows:

"It has been held that this provision in Article 8307, § 5, V.A.C.S., requiring suit to be filed within 20 days after the motion of intention to appeal is a general statute of limitation. Braden v. Transport Ins. Co., Tex.Civ.App., 307 S. W.2d 655. The filing of this suit against Consolidated Underwriters did not toll the statute of limitation as to defendant Liberty Mutual. Brown v. McMillian Material Co., Tex.Civ.App., 108 S.W.2d 914. Plaintiff did not allege fraud or any other ground which prevented the statute of limitation from running. The trial court properly granted the motion for summary judgment."

We believe that the reasoning in *Richards* is equally applicable here. Camilio

Mosqueda, appellant here, was never made a party to the suit filed by appellee in Nueces County. The filing of that suit against Louis Mosqueda (who was thereafter dismissed) and Marcelo Mosqueda (who had a separate claim for funeral expenses) did not toll the statute of limitation as to Camilio Mosqueda.

Appellee here has failed to allege or show any ground which prevented the running of the statute of limitation against it and in favor of Camilio Mosqueda concerning the requirement that suit shall be brought in accordance with the statute if the award of the Industrial Accident Board is to be set aside. Appellee's brief herein states in substance that Camilio Mosqueda "was inadvertently not made a named party" to the Nueces County suit; but there is no showing or effort to excuse the failure to make Camilio Mosqueda a party to such suit. Instead, it appears here that appellee affirmatively proceeded to dispose of the case in Nueces County by agreement with Marcelo Mosqueda, the claimant for funeral expenses, with complete knowledge that Camilio Mosqueda was not a party to the suit. Thereafter, and particularly in the instant case, appellee then took the position that the Nueces judgment precluded Camilio Mosqueda from asserting his claim for Workmen's Compensation benefits and for enforcement of the Board award in his favor.

▆ Camilio Mosqueda, appellant here, was a necessary party to any suit brought by appellee to set aside the award of the Industrial Accident Board as to him. Appellee's failure to name Camilio Mosqueda as a party to the suit in Nueces County and to serve him with citation constituted a failure to comply with the provisions of Art. 8307, Sec. 5, V.A.C.S., and the filing of that suit, contrary to appellee's contention here, did not vacate the order of the Industrial Accident Board as to him. The district court of Nueces County never acquired jurisdiction of the person of Camilio Mosqueda. To hold otherwise would deny elementary due process of law to appellant.

▆ We now consider appellee's contention that despite the admitted fact that Camilio Mosqueda was not a party to the Nueces County suit, he had a duty to intervene therein; that his failure to do so, since he had notice of the suit, precludes his separate suit to enforce the order of the Board. We overrule this contention. The applicable rule concerning the question of intervention is stated in Merritt v. Ryno, 268 S.W.2d 546, 548 (Tex.Civ.App., Waco, 1954, n. w. h.) as follows:

"In McDonald v. Miller, 90 Tex. 309, 39 S.W. 89, 95 we find this statement of the rule that is applicable here: 'To make one having an interest in an action a party, the petition must make him a party; and, if he does not voluntarily appear, he must be cited. That he knows of the existence of the suit, and could have intervened, makes no difference. The right of intervention, which is allowed by our laws, is a privilege, and not a duty.' Our Supreme Court has not seen fit to change this rule. See Shaffer v. Schaleben, Tex.Civ.App, 236 S.W.2d 234 (n. r. e.)."

In this case, Camilio Mosqueda did not have a duty to intervene in the Nueces County case in which he was not made a party. It was the duty of appellee who filed the suit to set aside the award of the Board to make Camilio Mosqueda a party defendant by its petition with the bona fide intent either that citation issue and be served at once upon him or that a waiver of the issuance and service of citation would be provided and filed without delay, failing in which citation would at once be requested. Maryland Casualty Co. v. Jones, 129 Tex. 392, 104 S.W.2d 847 (1937).

We next consider the question of venue involved in the Nueces County suit filed by appellee. Prior to the enactment of Art. 8307a, V.A.C.S., in 1931, jurisdiction of suits to set aside the final orders of the Industrial Accident Board was governed by

Sec. 5, Art. 8307, V.A.C.S., hereinabove set out in part, and which provides that the party desiring to appeal " * * * shall *within 20 days after giving such notice* bring suit in the county where the injury occurred to set aside said final ruling and decision, * * *."

In 1931, the Legislature enacted Art. 8307a, V.A.C.S., as follows:

> "Art. 8307a. Suit to set aside decision of Industrial Accident Board; transfer to county where injury occurred
>
> Any interested party who is not willing and does not consent to abide by the final ruling and decision of the Industrial Accident Board shall, in the manner and within the time provided by Section 5 of Article 8307, Revised Civil Statutes of 1925, file notice with said Board, and *bring suit in the county where the injury* occurred to set aside said final ruling and decision; however, in the event such suit is brought in any county other than the county where the injury occurred, the Court in which same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to the proper Court in the county where the injury occurred. Provided, however, that notice of said transfer shall be given to the parties and said suit when filed in the court to which the transfer is made, shall be considered for all purposes, the same as if originally filed in said court. Acts 1931, 42nd Leg., p. 351, ch. 208, § 1."

The effect of Art. 8307a on the question of jurisdiction is discussed in Federal Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W.2d 598 (1943). There the court *held in part as follows:*

> "Prior to the effective date of Article 8307a, supra, where a workmen's compensation case was filed in a court outside the county where the injury occurred, such court had no jurisdiction to do anything in regard thereto, except to dismiss. Such court could not even transfer the cause to the court having jurisdiction of the subject matter in the county where the injury occurred. The above statute relieves against *that situation,* and permits the transfer of compensation cases in instances where such cases have been filed in a court outside the county where the injury occurred. * * *"
>
> * * * * * *
>
> " * * * Simply stated, it is our opinion that when a statute permits a suit to be commenced in a particular court, it operates to give that court potential jurisdiction of the subject matter of the suit. This construction of Article 8307a leads to the conclusion that courts outside the county where the injury occurred, otherwise having jurisdiction of the subject matter of the litigation, do now have potential jurisdiction of workmen's compensation cases."

Appellee's petition in the Nueces County suit, which named only Louis Mosqueda and Marcelo Mosqueda as parties defendant, alleged in part that " * * * the cause of action which is alleged to have accrued to the named defendants, if it did accrue, occurred in Willacy County, Texas. * * *" The answer filed by Louis Mosqueda (who was ultimately dismissed from the Nueces suit) alleged that the injuries which resulted in the death of George Zapata Mosqueda, were sustained in Willacy County, Texas and that the suit should be transferred to that county. That answer also alleged that Louis Mosqueda had no interest in the case and that the award of the Board was to Camilio Mosqueda, who was not a party to the suit and who had become 21 years of age on September 25, 1965 prior to filing of the Nueces suit on December 10, 1965.

■ Although the district court of Nueces County had potential jurisdiction of appellee's suit to set aside the order of the Industrial Accident Board, the record herein conclusively establishes that the court did not have venue of the suit. Under these conditions, the district court of Nue

ces County was under a duty to transfer the case to Willacy County (where the injury resulting in the death of George Zapata Mosqueda occurred) unless there was an agreement of the parties or consent or waiver as to venue. Federal Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W. 2d 598 (1943).

After the district court of Nueces County dismissed Louis Mosqueda from that suit (for the recited reason that he had no interest in the subject matter before the court) the only remaining parties were appellee insurance carrier and Marcelo Mosqueda, the claimant for funeral expenses. Marcelo Mosqueda was entitled to waive the question of proper venue, if he elected to do so, in connection with his separate claim for funeral expenses. However, the agreed judgment between appellee and Marcelo Mosqueda involving only the latter's claim for funeral expenses did not affect nor purport to affect venue of the case as to Camilio Mosqueda and the award to him of benefits on account of the death of his father, which death occurred while Camilio was a minor.

Art. 8306, Sec. 9, V.A.C.S., as last amended effective August 30, 1965 reads as follows:

"Art. 8306, sec. 9. Funeral expenses

Sec. 9. If the deceased employee leaves no legal beneficiaries, the association shall pay all expenses incident to his last sickness as a result of the injury, and in addition a funeral benefit not to exceed Five Hundred Dollars ($500).

If the deceased employee leaves a legal beneficiary or beneficiaries, and is buried at the expense of the beneficiary or beneficiaries, or is buried at the expense of his employer or any other person, the expense of such burial, not to exceed Five Hundred Dollars ($500), shall be payable without discount for present payment to the person or persons at whose expense the burial occurred, subject to the approval of the Board; and such

burial expense, regardless of to whom it is paid, shall be in addition to the compensation due the beneficiary or beneficiaries of such deceased employee. Acts 1917, p. 269; Acts 1931, 42nd Leg., p. 303, ch. 178, § 1; Acts 1961, 57th Leg., p. 1032, ch. 455, § 1; Acts 1965, 59th Leg., p. 818, ch. 396, § 1."

Prior to the 1961 amendment thereof the second paragraph of the statute read as follows:

"Where any deceased employee leaves legal beneficiaries, but is buried at the expense of his employer or any other person, the expense of such burial, not to exceed $250.00, shall be payable out of the compensation due the beneficiary or beneficiaries of such deceased employee, subject to the approval of the Board."

After the 1961 amendment and until the 1965 amendment the statute read as follows:

"If the deceased employee leaves no legal beneficiaries, the association shall pay all expenses incident to his last sickness as a result of the injury, and in addition a funeral benefit not to exceed Five Hundred Dollars ($500).

If any deceased employee leaves legal beneficiaries, but is buried at the expense of his employer or any other person, the expense of such burial, not to exceed Five Hundred Dollars ($500) shall be payable without discount for present payment in addition to the compensation due the beneficiary or beneficiaries of such deceased employee, subject to the approval of the Board. As amended Acts 1961, 57th Leg., p. 1032, ch. 455, § 1."

█ It thus appears that since 1961, Sec. 9, Art. 8306, V.A.C.S., has provided that payment for burial expense is "in addition to the compensation due the beneficiary or beneficiaries of such deceased employee." In this case it appears that the claim of Marcelo Mosqueda for burial expenses was additional to the claim of Camilio Mosqueda who was the sole bene-

ficiary of the Workmen's Compensation benefits payable on account of the death of his father. The judgment rendered by the 105th District Court of Nueces County thus operated only to set aside the award of the Industrial Accident Board as to Marcelo Mosqueda and his separate claim for funeral expenses in the amount of $500.00, and to award him the same amount (out of which his attorney's fees were paid) on the basis of an agreement between the attorney for appellee and the attorney for Marcelo Mosqueda. Under the conditions shown to exist at the time of entry of the Nueces County Judgment, the claim of Camilio Mosequeda for Workmen's Compensation benefits on account of the death of his father was not affected by the separate disposition of the claim of Marcelo Mosqueda for burial expenses.

The foregoing holdings require that the judgment of the trial court be reversed, and discussion of other contentions of the parties is deemed unnecessary. It is apparent that, although the judgment herein contains recitations concerning other matters, the basic holding of the trial court was that it lacked jurisdiction of the case which resulted in a judgment of dismissal. In this situation the cause will be remanded for new trial.

We believe that in view of the new trial it is appropriate to note that the trial court on the date of hearing allowed the introduction of evidence, both testimonial and documentary, in addition to the exhibits and pleadings which constituted the evidence relating to the motions for summary judgment. Rule 166-A, T.R.C.P., as amended effective January 1, 1967, now expressly provides that "no oral testimony shall be received at the hearing" of a motion for summary judgment.

In this case appellant's suit for enforcement of the award of the Industrial Accident Board as to liability could conceivably be established by summary judgment evidence as provided for by the Rule; but on the question of reasonable attorney's fees, evidence must be presented in the usual way in order to authorize a finding thereon, separate and apart from the summary judgment issues as to liability. See Great American Reserve Insurance Co. v. Britton, 406 S.W.2d 901, 906 (Tex.Sup.Ct., 1966).

Appellant may of course proceed by the summary judgment route on the liability issues, if he chooses to do so, in which instance he, as movant, has the burden to establish that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." If appellant does not carry such burden and his motion for summary judgment is denied or if he does not follow such procedure, he may still proceed to offer evidence as to liability in the usual way, along with evidence as to reasonable attorney's fees.

The record on this appeal, as above stated, shows that the accident resulting in the death of George Zapata Mosqueda occurred in Willacy County, Texas, but this suit for enforcement of the order of the Industrial Accident Board is filed in Jackson County, Texas. The second paragraph of Sec. 5a, Art. 8307, V.A.C.S., provides in part that:

"* * * Suit may be brought under the provisions of this section, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit."

On the new trial, regardless of the procedural route which will be followed, appellant has the burden of proof to establish his cause of action for enforcement of the Board order against appellee. One essential element of that cause of action will be the appellant's residence in Jackson County, Texas.

The judgment of the trial court will be reversed and the cause remanded for new trial.