Jan LATHAM, Petitioner,

v.

**SECURITY INSURANCE COMPANY OF
HARTFORD, Respondent.**

No. B–3345.

Supreme Court of Texas.

Dec. 13, 1972.

Reeharing Denied Feb. 7, 1973.

Sallas, Griffith & Meriwether, Gus E. Meriwether, Crockett, for petitioner.

Renfrow, Zeleskey, Cornelius, Rogers & Berry, Kenzy D. Hallmark, Lufkin, for respondent.

REAVLEY, Justice.

The problem here is the effect of an Industrial Accident Board award against multiple parties after one of those parties files a suit to set the award aside. Specifically, does the filing of a suit against the injured employee by one insurer vacate the entire award of the Board and, in particular, that part of the award in favor of the employee against a second insurer? After a suit had been filed by the first insurer, the case at hand was initiated by the employee to recover on the Board's award against the second insurer. The trial court entered summary judgment for the employee. The Court of Civil Appeals reversed that judgment and dismissed the case for the reason that the filing of the prior suit by the first insurer vacated the Board's award and brought into the prior suit all matters and parties previously before the Board. 478 S.W.2d 226. Upon analysis of the inconsistent precedents, we state and apply a rule that results in restoration of the judgment of the trial court.

Jan Latham filed a claim for compensation with the Industrial Accident Board because of an injury to her back sustained in Houston County on August 11, 1970; the Board entered its award in her favor on December 2, 1970. She thereby received total and permanent benefits in a lump sum against Security Insurance Company of Hartford, the insurer of Crockett Nursing Homes, Inc., and against Connecticut Indemnity Company, insurer of Convalescent Nursing Centers of America, Inc., jointly and severally. Both Security Insurance Company and Connecticut Indemnity Company filed with the Board on December 21, 1970, their separate notices of refusal to abide by the award. Connecticut Indemnity Company then filed its suit on January 7, 1971, in Houston County to set aside the award. Security Insurance Company did not file suit within twenty days following its notice of intention to do so, nor was Security Insurance Company mentioned or made a party in the Houston County suit either by the original pleading of Connecticut Indemnity Company or by the cross-action filed therein by Latham. Security Insurance Company did

seek to intervene in that suit on February 17, 1971.

On February 2, 1971, Latham filed the present suit against Security Insurance Company to enforce the Board's award under Section 5a, Art. 8307, Vernon's Ann. Civ.St. The trial court overruled pleas to the jurisdiction and in abatement, and summary judgment was entered for Latham against Security Insurance Company which awarded her $17,760.74 plus the statutory 12% penalty.

The Court of Civil Appeals based its reversal in favor of Security Insurance Company upon these three cases: Maryland Casualty Co. v. Baker, 277 S.W. 204 (Tex. Civ.App.1925, writ ref'd); Southern Casualty Co. v. Fulkerson, 45 S.W.2d 152 (Tex.Comm.App.1932); The Travelers Ins. Co. v. Fox, 364 S.W.2d 859 (Tex.Civ.App. 1963, writ ref'd, n. r. e.). The rule stated in these cases supports the decision of the Court of Civil Appeals. That rule would give the same effect to the filing of a suit to set aside an Industrial Accident Board award as is given to the appeal from a Justice of the Peace Court to County Court. The filing of the lawsuit by one party to the award would operate to set aside the award in its entirety as to all parties, including parties not named in the pleadings of the lawsuit as well as issues not mentioned therein.

■ Maryland Casualty Co. v. Baker and the case at hand present the same factual cast. Mrs. Baker obtained a joint and several Board award against two insurance carriers. Only one of the carriers gave notice and filed suit within the period as required by the statute. The attempt by Mrs. Baker to enforce the Board's award against the second carrier was defeated on the ground that the award had been completely wiped out by the filing of the lawsuit, and it no longer had any effect even as to the second insurance carrier which was not a party to the lawsuit. Although the Supreme Court allowed this result to stand, the opinion itself is not to be given the force of an opinion of the Supreme Court; the writ notation "refused" did not carry that effect until June 14, 1927.

In Southern Casualty Co. v. Fulkerson, the Board's award was in favor of the workman against the first insurance carrier, but the workman's claim was denied as to the second carrier. The first carrier gave proper notice and brought suit against both the workman and the second carrier. The cross-action by the workman was levied against both carriers. The defense of the second carrier was that the award was final as to it and that the workman was not entitled to complain after having failed to give notice and file suit within twenty days. The Commission of Appeals held against that contention on the ground that the award had been vacated by the filing of the lawsuit by the first insurance carrier which invoked the jurisdiction of the trial court over everything and everybody previously before the Industrial Accident Board. The rationale of Maryland Casualty Co. v. Baker was expressly approved. Only the judgment recommended by the Commission of Appeals was adopted by the Supreme Court. And it should be noted that all parties to the Board's award were before the court in that case.

In Travelers Ins. Co. v. Fox two claimants sought benefits because of the death of the workman, and the insurance carrier agreed that it owed those benefits to one of them. The Board awarded the benefits to Fox. Lewis objected and brought suit against the carrier. Neither Lewis nor the carrier brought Fox into that suit. Then Fox brought her own suit to mature the Board's award in her favor. The court ruled against the suit by Fox and sent her to plead her cause in the lawsuit filed by Lewis against the carrier. That court ably presented the precedents, including those of Maryland Casualty Co. v. Baker and Southern Casualty Co. v. Fulkerson.

The pertinent part of the statute, Section 5 of Art. 8307, Vernon's Ann.Civ.St., provides:

All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the Board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision, and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided. . . . Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law, and the suit of the injured employee or person suing on account of the death of such employee shall be against the Association, if the employer of such injured or deceased employee at the time of such injury or death was a subscriber as defined in this law. If the final order of the Board is against the Association, then the Association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and the court shall in either event determine the issues in such cause, instead of the Board, upon trial de novo, and the burden [of] proof shall be upon the party claiming compensation. . . . In case of recovery, the same shall not exceed the maximum compensation allowed under the provisions of this law. If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute

and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto; and, if the same is against the Association, it shall at once comply with such final ruling and decision; . . .

■ It is observed that *any* interested party *shall* within twenty days following the award file notice that he will not abide by it. And he *shall* within twenty days after the notice bring suit to set aside the Board's decision. "Whenever *such suit* is brought, the rights and liability *of the parties thereto* shall be determined by the provisions of this law. . . ." In that suit, regardless of whether the employee or the insurance carrier has brought it, the court shall "determine the issues *in such cause*" . . . "*upon trial de novo.*" This language leaves us a problem where there are multiple parties to the Board's award. It does speak of the rights and liability of the parties to the lawsuit without providing expressly for the rights and liability of parties to the award who are not parties to the suit. The court is directed to determine the issues "in the cause" without it being said that the court should determine all of the issues that were before the Board.

We have the question of the significance to be given the directive that the determination of the issues should be upon *trial de novo*. It is given more effect than to require the trial court to make its own determination of the issues. In the application for writ of error to this court by Mrs. Baker against Maryland Casualty Company, it was argued that the lawsuit was not comparable to an appeal from a Justice of the Peace Court but was a direct proceeding to set aside an award of the Board, and that therefore the full award of the Board should stand until judgment was entered by a court which affirmed or corrected it. The conclusion of the writer of Huson's Workmens Compensation (Gammel ed. 1923) was cited to this effect. This contention was rejected by the refusal

of the application, and there is no doubt about this proposition in the law today. The filing of the lawsuit vacates the Board's award at least as to the parties to the lawsuit. Zurich General Accident & Liability Ins. Co. v. Rodgers, 128 Tex. 313, 97 S.W.2d 674 (1936); Texas Reciprocal Ins. Ass'n. v. Leger, 128 Tex. 319, 97 S.W.2d 677 (1936). The same rule is applied in this respect as applies to appeals from Justice of the Peace Courts (Harter v. Curry, 101 Tex. 187, 105 S.W. 988 [1907]) and under other statutory provisions for appeals from administrative agencies (State Bd. of Medical Examiners v. Mann, 413 S.W.2d 382 [Tex.1967]; State Bd. of Morticians v. Cortez, 160 Tex. 532, 333 S.W.2d 839 [1960]). However, the "trial de novo" language of the statute does not necessarily carry with it all aspects of an appeal from Justice of the Peace Court. Jones v. March, 148 Tex. 362, 224 S.W.2d 198 (1949); Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664 (1949). It has been held that the appeal from Justice of the Peace Court is not a true analogy for the appeal from an award of the Industrial Accident Board. Booth v. Texas Employers' Ins. Ass'n., 132 Tex. 237, 123 S.W.2d 322 (1938). We conclude that it is not necessary to construe the statutory language to the effect that the award is vacated as to those who are not parties to the lawsuit. There is precedent to the effect that the entire award is not so vacated.

In Richards v. Consolidated Underwriters, 411 S.W.2d 436 (Tex.Civ.App.1967, writ ref'd), the workman had claims against two insurance carriers, and the Board's award denied the claims as to each. The workman gave notice and filed suit against one of the insurance carriers but did not join the second carrier in the suit until four months later. A summary judgment for the second carrier was upheld on the ground that the statutory period of twenty days was a limitation against the workman raising any issue as to the

second carrier. The briefs of the petitioner Richards in this court argued that the filing of the lawsuit vacated the Board's award and enabled the parties there to reach all issues and parties before the Board, citing the authority of Maryland Casualty Co. v. Baker and Southern Casualty Co. v. Fulkerson. However the writ of error was noted "refused."

Another writ refused opinion contains language consistent with the position of Latham here. Southern Underwriters v. Alvidrez, 140 S.W.2d 355 (Tex.Civ.App. 1940, writ ref'd) grew out of the claim of a widow and several children for death benefits. The Board's award denied the claims of three children but favored the widow and one daughter. The insurance carrier filed suit against the widow and daughter. The court wrote: "The other claimants mentioned in the claim before the Board not being made defendants nor having appealed in their own right, the action of the Board as to them has become final." 140 S.W.2d 356.

The latest case dealing with this problem presents facts which display the danger of vacating the Board's award as to parties not present in the lawsuit. It is Mosqueda v. The Home Indemnity Co., 443 S.W.2d 901 (Tex.Civ.App.1969, writ ref'd, n. r. e.). The son of the deceased workman was awarded full death benefits by the Board. The Board also awarded funeral expenses up to $500 to another party. The insurance carrier filed suit against the party obtaining the funeral expenses, and this suit was pursued to a judgment which set aside the Board's award and ordered payment of the funeral expenses. When the son sued to enforce his award for full death benefits, the insurance company argued that the award had been set aside and there was no longer any jurisdiction for a court to enforce the award. This argument did not prevail. The Court of Civil Appeals wrote that the son was a necessary party in any suit to set aside the award as to him and that the award had not been vacated.

It is desirable to allow all parties to a lawsuit brought to set aside the Board's award to present any issues that were before the Board. However, those who are not made parties to the suit should not suffer a loss of their position under the award of the Board without their knowledge or without their control. Our consideration of these objectives, the statute, and the precedents carries us to the statement of the following rules:

■ 1. All parties to a suit brought by any party to set aside the Board's award are before the court for all purposes previously presented to the Board. So far as any claim between those parties goes, the Board's award is vacated. Zurich General Accident & Liability Co. v. Rodgers, 128 Tex. 313, 97 S.W.2d 674 (1936); New Amsterdam Casualty Co. v. Merrifield, 74 S.W.2d 185 (Tex.Civ.App.1934, no writ). Since all the parties were before the court, the result reached was correct in Southern Casualty Co. v. Fulkerson, 45 S.W.2d 152 (Tex.Comm.App.1932).

■ 2. It is not given to the party filing the lawsuit to determine who shall and who shall not be parties thereto. A party to the Board's award may be willing to accept that award, but if he is brought to court by one of the other parties he may require the presence of third parties. For example, under the facts of Travelers Ins. Co. v. Fox, 364 S.W.2d 859 (Tex.Civ.App. 1963, writ ref'd, n. r. e.), in order to protect against a double recovery, the insurance carrier must be permitted to make Fox a party in the lawsuit filed by Lewis to set aside the award. Hereafter, if the carrier fails to do so, he will risk a double recovery, since the holding in that case is now disapproved. Defendants in a lawsuit to set aside an award of the Board shall have until their appearance date to join other parties who have been before the Board.

■ 3. Those parties to the Board's award who do not become parties to the suit to set it aside are entitled to stand on that award. Richards v. Consolidated Underwriters, 411 S.W.2d 436 (Tex.Civ.App. 1967, writ ref'd), is reaffirmed. Mosqueda v. Home Indemnity Co., 443 S.W.2d 901 (Tex.Civ.App.1969, writ ref'd, n. r. e.) is approved. We disapprove the following: Maryland Casualty Co. v. Baker, 277 S.W. 204 (Tex.Civ.App.1925, writ ref'd); Texas Employers Ins. Ass'n. v. Nitcholas, 328 S. W.2d 338 (Tex.Civ.App.1959, no writ); Industrial Accident Board v. Texas Employers Ins. Ass'n., 342 S.W.2d 213 (Tex. Civ.App.1961, writ ref'd, n. r. e.).

■ Applying these rules to the case before us, the Board's award in favor of Latham against Security Insurance Company of Hartford became final. The latter did not file suit to set it aside and did not seek to intervene in the suit filed by Connecticut Indemnity Company within the statutory period, nor was that company named a party to the suit filed by Connecticut Indemnity Company by either plaintiff or the defendant. It follows that this suit by Jan Latham to enforce the award against Security Insurance Company was a proper one and that she was entitled to judgment.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

Respondent says that the rule announced in this case entitles all persons, including the injured claimant's own attorney, named in the Industrial Accident Board award, to stand on the award and to collect same unless named and served as parties in a lawsuit to set aside the award. This is not our holding.

■ The holding applies only to the insurance carriers and to those parties who are entitled to bring their own direct action against the carrier to enforce or to set aside the Board's award. Ordinarily this will include only the injured employee, or those persons entitled to death benefits,

and the carrier. The inclusion of other names in the award usually does no more than provide a detail of payment by the insurer for the benefit of the principal compensation claimant. Medical expenses may be recovered in a direct action by the physician or others, but these expenses too are usually part of the injured employee's claim. See Texas Casualty Insurance Co. v. Beasley, 391 S.W.2d 33, 40 (Tex.1965); Maryland Casualty Co. v. Hendrick Memorial Hospital, 141 Tex. 23, 169 S.W.2d 969 (1943). Because of the different possibilities of an award for medical expenses, and because of the broad jurisdiction of the Board once any claim is filed, it would be desirable for the Board to designate in the award those persons who are independent claimants, and to designate separately any persons named to receive payment out of the benefits awarded to the injured employee and whose rights and standing are derivative to those of the employee. The person whose standing is derivative to that of the employee would not be entitled to enforce the award, and he need not be made a party in a suit to set aside the award.

The motion for rehearing is overruled.