Faye BOLTON, Plaintiff-Appellee,

v.

The TRAVELERS INSURANCE COMPANY, Defendant-Appellant.

No. 72–2568

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 9, 1973.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Glynn Purtle, Wichita Falls, Tex., for defendant-appellant.

Bob Wilson, Wichita Falls, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

This is a Texas diversity case. Desirous of deciding it with dispatch but worshipping accuracy more dearly than speed we awaited the decision of the Supreme Court of Texas in Latham v. Security Insurance Company of Hartford, Tex., 1972, 491 S.W.2d 100. The questions which this appeal presents which are deserving of serious consideration were dealt with frontally by the Texas high Court which laid down rules for their resolution. Nonetheless, we must still beat a hasty retreat from ignorance to speculation and determine whether we think the Texas Supreme Court would hold, under its second rule announced in *Latham,* that a party who voluntarily places himself within the Court's jurisdiction shall be considered to have been "joined". Believing that the Texas Court would so hold, we reverse the District Court's dismissal for want of jurisdiction and remand for trial on the merits.[1]

Appellee Bolton was injured within the course and scope of her employment by Walter Kidde & Co. Inc., Webber Aircraft. She filed her claim against Employer and Travelers with the Industrial Accident Board (IAB) of the state of Texas on June 28, 1971. Travelers notified the IAB that the "Charter Oak Fire Insurance Company" was the correct carrier. Travelers and Charter Oak, corporate *pere et fil,* shared common claims offices, officers, management and staffs.[2] The IAB found that

---

1. We do not mean to forescast the necessity of a full-blown trial. That decision is the initial prerogative of the District Court, and must abide the event.

2. Travelers and Charter Oak maintained a policy of not defending on the grounds that the wrong insurance company had been sued. Whether assureds or claim-

indeed, Charter Oak was the correct carrier and its award ordered the payment of over $17,000 in a lump sum as compensation for total permanent disability. Appellee Bolton, through her counsel, gave written notice of appeal to the IAB and the parties naming Employer and Charter Oak in the caption which was incorporated by reference in the body of the notice as "the final ruling—and award of * * * [IAB] * * * in the above styled and numbered cause—." Counsel then filed suit to set aside the Board's award naming only Travelers as a defendant with no mention of Charter Oak.

■ If *suit* is not filed within 20 days of the IAB's award that award is final. The rule is harshly applied in Texas. *Latham, supra*; Richards v. Consolidated Underwriters, Tex.Civ.App., 1967, 411 S.W.2d 436, writ ref'd.; Mosqueda v. Home Indemnity Co., Tex.Civ. App., 1969, 443 S.W.2d 901, writ ref'd. n. r. e. (approved in *Latham, supra*). Very simply, 20 days means 20 days.

■ The Employee timely filed suit naming Travelers, *but not Charter Oak,* in its appeal from the award. Travelers answer came 25 days after the date of the award—well before the date upon which it must appear and defend. F.R. Civ.P. 12.[3] In its answer [4] Travelers affirmatively stated that Charter Oak was the actual insurer and asked that it be substituted for Travelers as the proper defendant.[5] Thus, Charter Oak did not file suit or become a party to a suit—or so the Appellee would have us hold—until sometime after the expiration of 20 days following the award of the IAB.

The Employee then moved for a dismissal, arguing that the District Court did not have jurisdiction of the award to her against Charter Oak because Charter Oak had not filed suit within 20 days and had not been named as a party to a suit filed within the same time period.[6] Agreeing that Charter Oak had not appealed from the award from the Industrial Accident Board by bringing suit or being named as defendant and cross-claiming the District Court held that it had no jurisdiction over a suit between Charter Oak and plaintiff Bolton. Accordingly it dismissed the action for lack of jurisdiction.

■ In its appeal Charter Oak contended originally that (i) the question should be governed under the precepts of F.R.Civ.P. 1 insofar as it deals with liberal construction and treatment of procedural questions, and (ii) that the entire action which was before the IAB including all of its parties, came before the District Court upon the instigation of suit by any party.[7]

---

ants are, as is sometimes boasted, "in good hands" it is refreshing to see "clean hands".

3. No citation of authority is required to support the proposition that the substantive statute of limitations of the state of Texas controls. However, the time periods allowed for answer and appearance are as clearly procedural.

4. In their answer Defendant said:
   In reply to Paragraph IV of said Petition, this Defendant did not issue the policy of workmen's compensation insurance, but same was issued by Charter Oak Fire Insurance Company who is also represented by the below named attorneys and does enter its appearance herein and agrees that the name of the Defendant can be changed to properly describe Charter Oak Fire Insurance

Company as the carrier of said workmen's compensation.

5. Counsel for both Travelers and Charter Oak were the same. See, F.R.Civ.P. 11 as to significance of counsel's signature.

6. Whether the employee's counsel purposed to catch the opposition napping, he did so. The result is not only that the total permanent lump sum award is final as to Charter Oak, but Employee and counsel reap the additional benefit of 12% penalties plus attorneys fees for non-payment of a final award. Vern.Tex.Rev.Civ.Stat. Ann. Art. 8307 (§ 5a).

7. We reject as spurious the contention of Appellee that Travelers was not before the Industrial Accident Board, and therefore has no standing to bring a third party—Charter Oak—into this litigation. Employee in her original Notice of Injury

On the first of these bases—though it could be argued forcefully if we had no guidance from *Latham*—we could now only summarily affirm the holding of the District Court. A statute of limitations cannot be ignored under the rubric of enlightened procedure.

As to the second, we would have been thrown into the thicket of controlling Texas decisions, several from Courts of Civil Appeals with the enigma flowing from the Supreme Court's not allowing a writ of error. But all the brambles here are gone by virtue of the Texas Supreme Court's decision in *Latham, supra*. The struggle there was how to reconcile the irreconcilable.[8]

The opinion of Justice Reavley for a unanimous Court is a fine example of constructive judicial statesmanship. Instead of trying to reconcile the irreconcilable they have chosen—as they have a right and duty to do—the principles that ought to control and spelled them out in categorical fashion. It makes quite clear that parties before the Industrial Accident Board who are not parties to suit either as Plaintiff, Defendant, or by joinder within 20 days from the rendition of the award by the Board must—with one critical exception—accept as inevitable the finality of the IAB's award. This is clearly the import of the third rule as stated in *Latham, supra*.[9]

However, *Latham* also specifies in Rule 2, *supra*, that "Defendants in a law suit to set aside an award of the Board shall have until their appearance date to

and Claim filed with IAB specified Travelers as Employer's insurer. Travelers continued to be named in form reports by the insurer to IAB and in documents in the Board's file. It was not until February 14, 1972 that Charter Oak was stated to be the insurer. As stated above Charter Oak was plainly indicated as the insurer in the tabular form award of the IAB.

8. The conflicting cases are set out in our reproduction of the Court's three rules, *infra* note 9.

9. As stated by the Texas Supreme Court, the question it faced in *Latham, supra* was, "[D]oes the filing of a suit against the injured employee by one insurer vacate the entire award of the Board and, in particular, that part of the award in favor of the employee against a second insurer?" Answering in the negative, the Court set out three rules to govern this and similar situations.

1. All parties to a suit brought by any party to set aside the Board's award are before the court for all purposes previously presented to the Board. So far as any claim between those parties goes, the Board's award is vacated. Zurich General Accident & Liability Co. v. Rodgers, 128 Tex. 313, 97 S.W. 2d 674 (1936) ; New Amsterdam Casualty Co. v. Merrifield, 74 S.W.2d 185 (Tex.Civ.App.1934, no writ). Since all the parties were before the court, the result reached was correct in Southern Casualty Co. v. Fulkerson, 45 S.W.2d 152 (Tex.Comm.App.1932).

2. It is not given to the party filing the lawsuit to determine who shall and who shall not be parties thereto. A party to the Board's award may be willing to accept that award, but if he is brought to court by one of the other parties he may require the presence of third parties. For example, under the facts of Travelers Ins. Co. v. Fox, 364 S.W.2d 859 (Tex.Civ.App.1963, writ ref'd, n. r. e.), in order to protect against a double recovery, the insurance carrier must be permitted to make Fox a party in the lawsuit filed by Lewis to set aside the award. Hereafter, if the carrier fails to do so, he will risk a double recovery, since the holding in that case is now disapproved. Defendants in a lawsuit to set aside an award of the Board shall have until their appearance date to join other parties who have been before the Board.

3. Those parties to the Board's award who do not become parties to the suit to set it aside are entitled to stand on that award. Richards v. Consolidated Underwriters, 411 S.W.2d 436 (Tex. Civ.App.1967, writ ref'd), is reaffirmed. Mosqueda v. Home Indemnity Co., 443 S.W.2d 901 (Tex.Civ.App.1969, writ ref'd, n. r. e.) is approved. We disapprove the following: Maryland Casualty Co. v. Baker, 277 S.W. 204 (Tex. Civ.App.1925, writ ref'd) ; Texas Employers Ins. Ass'n v. Nitcholas, 328 S.W.2d 338 (Tex.Civ.App.1959, no writ) ; Industrial Accident Board v. Texas Employers Ins. Ass'n, 342 S.W. 2d 213 (Tex.Civ.App.1961, writ ref'd, n. r. e.).

join other parties who have been before the Board." This means, of course, that parties can be brought before the District Court after the 20 day statute of limitations has run if they are brought in by a Defendant in an action to set aside the Board's award.

In our *Erie* role we could just stop with Rule 2. But we think that behind Rule 2 was the Court's feeling that this is obviously a sensible construction of the statute since any other would allow an employee to wait 19 days to sue one Defendant-insurer if it were his desire to keep a second insurer out of the litigation to thus lay the trap for increased benefits (see note 5, *supra*). The sued Defendant-insurer, who might have been happy with a partial compensation award, would of necessity have to give notice of appeal as to other insurers and then sue all other defendants without waiting to be sued itself in order to protect itself from paying a judgment which someone else should have paid. We think it is likewise sensible to hold that a party who voluntarily submits itself to the jurisdiction of the District Court and makes itself liable to all the obligations, disabilities, and control by the District Court, as would be one who is formally joined as a party by cross claim or impleader. F.R.Civ.P. 13 and 14, followed by the usual service of process, is before the Court within the meaning of Rule 2.

It is true that Charter Oak was not joined as a party by the defendant Travelers. But it was as certainly a party after making an appearance by counsel and suggesting a substitution of names as if it had been joined. Employee cannot seriously contend that Appellant-Charter Oak was not before the District Court. Since this appearance had all the effects of joinder and occurred before the appearance day (i. e. answer day) of Travelers—the time limit set by Rule 2, we think that the Texas Supreme Court would hold that Appellant Charter Oak had been "joined" by the Appellant Travelers within the required time.

With that conclusion we sound recall and send the case back to the District Court.

Reversed and remanded.