NO. 07-03-0402-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 9, 2003


______________________________




PAUL RAYMOND TRUJILLO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A13170-9809; HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND


 Appellant Paul Raymond Trujillo has given notice of appeal from a judgment
revoking his probation in cause number A 13170-9809 in the 242nd District Court of Hale
County, Texas (the trial court). Following the filing of Notice of Appeal, appellant's counsel
filed a Motion to Withdraw, which is pending. 

 The clerk of the court of appeals received and filed the trial court clerk's record on
November 5, 2003. The trial court clerk's record reflects that although appellant's
appellate counsel was retained, appellant had previously been determined to be entitled
to appointed counsel, and counsel had been appointed to represent him. No appointment
of counsel has been made for appeal.

 In Texas, the trial court has been designated to appoint the appellate attorney for
an eligible indigent defendant. See Tex. Crim. Proc. Code Ann. §§ 1.051(d)(1), 26.04(a). 
Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex. R.
App. P. 43.6. Upon remand, the judge of the trial court is directed to cause notice to be
given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute
this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is
indigent; (3) if appellant is indigent and desires to prosecute this appeal, whether (a) the
motion of current appellate counsel should be granted and (b) counsel for appellant should
be appointed; and (4) what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant's appeal if appellant does not
desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure
that the appeal will be diligently pursued. If the trial court determines that current counsel
should be allowed to withdraw, the trial court should enter an order to such effect. If the
trial court determines that an attorney should be appointed to represent appellant on
appeal, the trial court is directed to appoint an appellate attorney for appellant and cause
the clerk of this court to be furnished the name, address, and State Bar of Texas
identification number of the appointed attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law, recommendations and orders, and cause
them to be included in a supplemental clerk's record; (3) cause the hearing proceedings
to be transcribed and included in a reporter's record of the hearing; and (4) have a record
of the proceedings made to the extent any of the proceedings are not included in the
supplemental clerk's record or the reporter's record of the hearing. In the absence of a
request for extension of time from the trial court, the supplemental clerk's record, reporter's
record of the hearing, and any additional proceeding records, including any orders,
findings conclusions and recommendations, are to be sent so as to be received by the
clerk of this court not later than January 30, 2004. 

 

 Per Curiam


Do not publish.






rity="22" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Strong"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0348-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 

 AUGUST 24, 2011



 

 



 

 

COVENANT HEALTH SYSTEM D/B/A COVENANT MEDICAL CENTER, APPELLANT

 

V.

 

DEAN FOODS COMPANY, A CERTIFIED SELF-INSURED, APPELLEE 



 

 



 

 FROM THE 72ND DISTRICT
COURT OF LUBBOCK COUNTY;

 

NO. 2005-532,532; HONORABLE RUBEN REYES, JUDGE



 

 



 

Before CAMPBELL AND HANCOCK
and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant, Covenant Health System d/b/a Covenant
Medical Center, appeals the trial court's order granting the plea to the
jurisdiction filed by Appellee, Dean Foods Company, in a suit filed by an
injured employee alleging bad faith and Insurance Code violations in connection
with the non-payment of workers' compensation benefits.   In a
single issue, Covenant asserts the trial court erred in dismissing its claims related
to the non-payment of medical expenses for lack of subject matter
jurisdiction.  We reverse and remand.

Background

            Covenant
intervened in an action filed by Daniel Jara, an employee of Dean Foods, to
recover its medical expenses incurred during Jara's treatment for a
work-related injury.  On June 2, 2000,
Jara injured his right knee while employed by Dean Foods and underwent knee
surgery.  The injury was compensable
under the Texas Workers Compensation Act (Act).[1]  In April 2004, Jara underwent a second knee
operation at Covenant to treat a staph infection that developed in his right
knee.  As a result, Jara incurred
approximately $600,000 in medical expenses.

            In
July 2004, Covenant submitted Jara's medical bills to Dean Foods for
payment.  Dean Foods's third party
administrator, Crawford & Company (Crawford), audited Covenant's bills for
compliance with the Act's medical fee guidelines and assessed deductions.  Of the $599,364.54 in medical expenses
submitted by Covenant, Crawford concluded $301,928.31 was payable.  In August 2004, Covenant requested that Dean
Foods reconsider its decision and, in September, Dean Foods affirmed its deductions
and denied Covenant any payment asserting Jara's second knee operation was not
compensable under the Act.  

            Jara
disputed Dean Foods's determination that his injury was non-compensable before
the Texas Workers Compensation Commission (TWCC) and a Contested- Case Hearing
was held to determine whether Jara's compensable injury in June 2000 extended
to his staph infection.  Covenant joined
as a subclaimant.[2]  In April 2005, the Contested-Case Hearing
Officer issued a Decision and Order wherein he determined "[Jara's]
compensable injury sustained on June 2, 2000 [did] not include [his] staph
infection."  Jara appealed the
Hearing Officer's Decision to the TWCC Appeals Panel who affirmed the Hearing
Officer's Decision.

            In
August 2005, Jara filed an action in Lubbock County District Court seeking
judicial review of the TWCC Appeals Panel's decision and asserted Dean Foods
breached its duties of good faith and fair dealing, and fair settlement
practices in violation of the Texas Insurance Code and Texas Deceptive Trade
Practices Act (judicial review suit). 
Covenant subsequently intervened seeking
payment of its medical bills and asserted claims against Dean Foods for bad
faith and Insurance Code violations.  In
July 2006, the trial court severed and abated all claims for bad faith and
Insurance Code violations, and assigned Cause Number 2005-532-049-A (bad faith
suit) to those claims.  In January 2007,
the trial court entered an order granting Dean Foods's Plea to the Jurisdiction in the judicial review suit and dismissed
Covenant for failure to exhaust its administrative remedies "without
prejudice to the refiling of same."

            In
July 2007, Jara's judicial review suit was tried before a jury who found in
Jara's favor and the trial court entered a final judgment that Jara's
compensable injury of June 2, 2000, included the staph infection.  Neither party appealed and
the trial court reinstated the bad faith suit. 
In April 2008, Covenant intervened in the bad faith suit again seeking
to recover its medical expenses.   In May 2009, Dean Foods moved to dismiss
Covenant from the bad faith suit for lack of subject matter jurisdiction,
asserting Covenant failed to exhaust its administrative remedies under the Act.  The trial court granted Dean Foods's Plea to the Jurisdiction.[3]  This appeal followed.

Discussion

            Covenant asserts the trial court
erred in dismissing its claims for lack of subject matter jurisdiction due to a
failure to exhaust its administrative remedies. 
In support, Covenant contends that it was not required to join Jara's
appeal of either the Hearing Officer's or the TWCC Appeals Panel's decisions
because it is a subclaimant and, as such, its claim is derivative of Jara's
claim.  Covenant also asserts that it was
not required to undergo medical dispute resolution because Covenant did not
dispute the reduced amount that Dean Foods determined was payable, i.e., $301,928.31.  Dean Foods, on the other hand, asserts that
Covenant was required to join in Jara's appeals to preserve its claim for
medical expenses and, because Dean Foods offered to pay less than the full
amount requested by Covenant for Jara's treatment, Covenant's claim was
required to undergo medical dispute resolution. 


            I.          Standard
of Review

            Subject
matter jurisdiction is essential to the authority of a court to decide a case.  Tex. Ass'n of Bus. v.
Texas Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993).  Whether a trial court has subject matter
jurisdiction is a question of law; Tex.
Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004),
that appellate courts review de novo.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  When conducting a de novo review, the appellate court exercises its own judgment and
redetermines each legal issue, giving no deference to the trial court's
decision.  Quick v. City of Austin, 7 S.W.3d 109, 116
(Tex. 1999) (op. on reh'g).  When
a plea to the jurisdiction challenges the pleadings, we determine if the
pleader has alleged facts that affirmatively demonstrate the court's
jurisdiction to hear the case.  Combined Specialty Ins. Co. v. Deese,
266 S.W.3d 653, 657 (Tex.App.--Dallas 2008, no pet.).  Where, as here, a plea to the jurisdiction
challenges the existence of jurisdictional facts, we consider the relevant
evidence submitted by the parties to determine if a fact issue exists.  Id.  The standard of review for a
jurisdictional plea based on evidence "generally mirrors that of a summary
judgment under Texas Rule of Civil Procedure 166a(c)."  Id. (quoting Tex. Dep't of
Parks & Wildlife, 133 S.W.3d at 228).  In reviewing a plea to the jurisdiction, an
appellate court does not look to the merits of the case but considers only the
pleadings and evidence relevant to the jurisdictional inquiry.  Tex.
Dep't of Parks & Wildlife, 133 S.W.3d at 227.

            II.         TWCC's
Exclusive Jurisdiction

            The
TWCC has exclusive jurisdiction to determine compensability; In re Tyler Asphalt & Gravel Co., Inc.,
107 S.W.3d 832, 839 (Tex.App.--Houston [14th Dist.] 2003, no pet.) (citing Henry v. Dillard Dep't Stores, Inc., 70
S.W.3d 808, 809 (Tex. 2002)), as well as disputes related to medical fees; Howell v. Tex. Workers' Comp. Comm'n,
143 S.W.3d 416, 435 (Tex.App.--Austin 2004, pet. denied) (citing Subaru of Am., Inc. v. David McDavid Nissan,
Inc., 84 S.W.3d 212, 221 (Tex. 2002) (op. on reh'g), prior to any judicial
review.[4]  A party's failure to exhaust their
administrative remedies provided under the Act deprives the trial court of
jurisdiction over a party's request for judicial review.  § 410.251; Cont'l Cas. Co. v. Rivera, 124 S.W.3d 705, 712 (Tex.App.--Austin 2003, pet.
denied).  

            When
compensability is disputed, judicial review is permitted only after the party
has exhausted administrative review through a contested-case hearing or
arbitration, followed by an appeal to a TWCC Appeals Panel.  §§
410.251; 410.302(b).  See Combined Specialty Ins. Co., 266 S.W.3d at 658.  If
there is a dispute between a health care provider and a compensation carrier
regarding a medical expense, the health care provider is entitled to review of
the medical service; § 413.031(a),[5]
and must exhaust administrative review through the TWCC's medical review division;
28 Tex. Admin. Code § 133.307 (2011),[6]
and a contested-case hearing before the State Office of Administrative Hearings
(SOAH); 28 Tex. Admin. Code § 133.307(f)(1), before seeking judicial
review of the decision in a Travis County District Court as governed by Chapter
2001 of the Government Code.  28 Tex. Admin. Code § 133.307(f)(2)(F)
(medical fee disputes); see Tex.
Gov't Code Ann. § 2001.176(b)(1) (West 2008) (requiring request for judicial
review to be filed in Travis County unless provided by statute). 

            A.        Compensability

            We agree with Covenant that its claim
for medical expenses was derivative of Jara's claim seeking compensability and,
as such, Covenant was not required to join Jara's appeal of the non-compensability
determinations made by the Hearing Officer and the TWCC Appeals Panel in order
to participate in the bad faith suit.

            As
a provider of medical services to Jara, or as a subclaimant, Covenant's claim
for payment is contingent on Jara's ability to receive workers' compensation
benefits under the statute, i.e, Covenant's claim is derivative
of Jara's claim.  See Tex. Mutual Ins. Co. v. Sonic Systems International, Inc., 214
S.W.3d 469, 483-84 (Tex.App.--Houston [14th Dist.] 2006, pet. denied) (op. on
reh'g).  As such, it is unnecessary for
Covenant to perfect an appeal of either the Hearing Officer's or the TWCC
Appeals Panel's decisions because its expenses are a part of Jara's overall workers'
compensation claim.  See Latham v. Security Ins. Co. of Hartford, 491 S.W.2d 100, 105-06
(Tex. 1972) (op. on reh'g) ("The person whose standing is derivative to
that of the employee would not be entitled to enforce the award, and he need
not be made a party in a suit to set aside the award."); City of Bridgeport v. Barnes, 591 S.W.2d
939, 942 (Tex.App.--Fort Worth 1979, writ ref'd n.r.e.) (medical
provider need not perfect an appeal of an adverse administrative ruling because
its expenses were part of the employee's claim).  In addition, although such medical expenses
are usually a part of the injured employee's claim, health care providers such
as Covenant have a direct cause of action against a compensation carrier under
the Act.  See Latham, 491 S.W.2d at 106 ("Medical expenses may be
recovered in a direct action by the physician and others, but these expenses
too are part of the injured employee's claim."); City of Bridgeport, 591 S.W.2d at 942.

            Dean
Foods contends that, because Covenant participated as a "subclaimant"
in the contested-case hearing, Covenant was required to appeal the Hearing
Officer's non-compensability determination to the TWCC Appeals Panel to
preserve any claim based on Jara's medical expenses.  Covenant's appearance in the contested-case hearing
was gratuitous[7]
because section 409.009 indicates that a person qualifying as a subclaimant may participate by filing a written
claim.  § 409.009.  Regardless whether Covenant filed a claim as
a "subclaimant," its claim for reimbursement remained contingent upon
Jara's ability to receive benefits under the statute; Sonic Systems International, Inc., 214 S.W.3d at 477, and Covenant's
gratuitous participation did not give the Hearing Officer any power to
adjudicate Covenant's claim for reimbursement of its medical expenses.  Hooks,
Inc. v. Pena, 313 F.2d 696, 702 (5th Cir. 1963) (interpreting Texas's
Workmen's Compensation Act); see Latham,
491 S.W.2d at 106 ("The inclusion of other names in the [TWCC's] award
usually does no more than provide a detail of payment by the insurer for the
benefit of the principal compensation claimant.")  In addition, there is a separate and distinct
administrative process to handle claims for medical expenses such as Covenant's
and, other than referring to Covenant as a "subclaimant," the Hearing
Officer's Decision and Order makes no mention of any claim for medical
expenses.[8]  

            That
Covenant does not qualify under the Act to appeal the TWCC Appeals Panel's
decision supports this determination. 
The Act permits an appeal from an appeals panel decision in the form of
judicial review if a party has exhausted its administrative remedies and
"is aggrieved by a final decision." 
§ 410.251.  "[A] party is
aggrieved by a final decision of the [TWCC] appeals panel if the injury or loss
resulting from the final decision is actual and immediate; a possible future
injury or loss as a consequence of the panel decision is not sufficient to show
an aggrievement."  Insurance Co. of the State of
Pa. v. Orosco, 170 S.W.3d 129, 133 (Tex.App.--San Antonio 2005, no pet.).  When an appeals panel decision finds the
employee's claim is non-compensable, as here, there is no immediate or actual
loss to the health care provider because the adverse decision of compensability
by the appeals panel merely indicates that the employee's injury is not covered
by the Act, i.e., the health care provider never had the legal right to
reimbursement from the compensation carrier under the Act.  His legal right to recover payment in full from
the employee, however, remains viable.  See § 413.042(a)(1)
("A health care provider may not pursue a private claim against a workers'
compensation claimant . . . unless: (1) the injury is finally adjudicated not
compensable under this subtitle.")  See also Smith v. Stephenson, 641 S.W.2d 900, 902 (Tex. 1982) ("We do
agree the employee maintains a contractual obligation to the provider . . .
[and] may even become liable for all medical expenses if the injury is found to
be non-compensable.").   

            Accordingly,
we find the trial court did not lack subject matter jurisdiction over
Covenant's intervention in Jara's bad faith suit due to any failure by Covenant
to exhaust any administrative remedies in Jara's contested-case appeal to the
Appeals Panel or his subsequent judicial review suit. 

            

            B.        
Medical Expenses

             
 Covenant asserts that it was not
required to undergo a Chapter 413 medical dispute resolution because it did not
dispute the amount that Crawford determined was payable, i.e., $301,928.31.  Dean Foods, on the other hand, asserts Covenant
was required to request medical dispute resolution to preserve its claim for
medical expenses because Dean Foods offered to pay less than the full amount
requested by Covenant. 

            An
employee "who sustains a compensable injury is entitled to all health care
reasonably required by the nature of the injury as and when needed."  § 408.021(a).[9]  "A party, including a health care
provider, is entitled to review of a
medical service provided for which authorization of payment is sought if a
health care provider is:  denied payment
or paid a reduced amount for the medical service rendered . . . ."  § 413.031(a)(1).  "A request for medical dispute
resolution of a medical fee dispute must be timely filed with the TWCC's
Medical Review Division."  28 Tex. Admin. Code § 133.307(c).[10]  Otherwise, a person or entity that fails to
timely file a request for review waives their right to dispute resolution.  Id.  It is undisputed that Covenant did not
file for medical dispute resolution regarding Dean Foodss reduction of its
medical bills submitted in July of 2004. 


            We
agree with Covenant that the trial court erred in finding there was no subject
matter jurisdiction over Covenant's claim for payment of its medical bills in
the amount of $301,928.31.  Although
Covenant submitted medical bills totaling $599,364.54, Dean Foods audited
Covenant's bills for compliance with the Act's medical payment guidelines and
assessed reductions of $297,436.23. 
Because Covenant did not dispute these reductions in a timely manner,
any recovery of this amount by Covenant was waived per regulation.  However, given that the trial court issued a
final judgment finding Jara's injury compensable, the amount determined by Dean
Foods to be payable, $301,928.31, remains owing to Covenant.

            Dean
Foods contends that, whenever a compensation carrier reduces a health care
provider's bill, whether or not the health care provider agrees with the
reduction, the health care provider must request medical dispute
resolution.  We disagree.  The Act's language regarding a health care
provider's participation in medical dispute resolution is not mandatory, but
permissive, i.e., where a compensation carrier denies payment or pays a reduced
amount for the medical services rendered, "a health care provider, is entitled to review of a medical
service . . . ."  § 413.031(a)(1) (emphasis added). 
When the health care provider agrees to the compensation carrier's reductions
or waives review through inaction, the health care provider can bring a direct action
against the compensation carrier for the balance due for medical expenses
incurred in the treatment of a compensable injury.  See
Latham, 491 S.W.2d at 109; City of Bridgeport, 591 S.W.2d at 942.  

            Moreover,
under the applicable regulations, once the health care provider who has made a
request informs the Medical Review Division (MRD), or the MRD otherwise
determines, the dispute no longer exists, the MRD can dismiss the health care
provider's request for medical fee dispute resolution.  28 Tex. Admin. Code
§ 133.307(e)(3)(A). 
This language clearly indicates that a "dispute" is necessary
before a request need be filed or reviewed by the MRD.[11]  Here, Covenant either agreed with, or waived
review of, Dean Foods's reductions.  Accordingly,
we find the trial court erred in its finding that it lacked subject matter
jurisdiction over Covenant's claims asserted in the bad faith suit.  Appellant's single issue is sustained.

Conclusion

            We
reverse the judgment of the trial court and remand for further proceedings
consistent with this opinion.

                                                                                                

Patrick
A. Pirtle

      Justice











[1]See Texas Lab. Code Ann. §§
401.001-506.002 (West 2006 and West Supp. 2010).  For convenience, provisions of the Texas
Labor Code will be cited throughout the remainder of this opinion as
"section ____" and "§ ____."





[2]The
Act states as follows:

A person
may file a written claim with the division as a subclaimant if the person has:

(1) provided compensation,
including health care provided by a health care insurer, directly or indirectly,
to or for an employee or legal beneficiary; and

(2) sought and been refused reimbursement from the insurance
carrier.

§ 409.009.

 





[3]Dean Foods's Traditional and No Evidence
Motion for Summary Judgment and Plea to the Jurisdiction Against Intervenor Covenant
Health System d/b/a Covenant Medical Center also asserted that Covenant
lacked standing because there was no contractual or special relationship
between Covenant and Dean Foods that would impose a duty of good faith and fair
dealing on Dean Foods.  Because the trial
court's order granted only Dean
Foods's Plea to the Jurisdiction and
dismissed Covenant for lack of subject matter jurisdiction, we decline Dean
Foods's invitation to address whether it owed any duty of good faith and fair
dealing to Covenant in this appeal in the context of a challenge to Covenant's
standing.





[4]When
a carrier denies liability for payment of medical benefits on the basis that
the injury is not compensable ("compensability disputes"), the
general dispute resolution procedures of Chapter 410 of the Texas Labor Code
apply. § 410.023. Disputes concerning the denial of payment or the payment of a
reduced amount based on the medical necessity of treatment or the
reasonableness of the fees are "medical disputes" governed by the dispute
resolution procedures of Chapter 413. § 413.031; Continental Cas. Ins. Co. v.
Functional Restoration Associates, 19 S.W.3d
393, 396 & n.2 (Tex. 2000).

 





[5]Generally
speaking, there are two types of "review of a medical service" that
can be conducted under section 413.031(a). 
The first is a review of the "medical necessity" of a health
care service, which is currently performed by an independent review
organization (IRO).  See § 413.031(d)-(e-3), (g)-(i). 
The other type of review concerns "disputes over the amount of
payment due for services determined to be medically necessary and appropriate
for treatment of a compensable injury," commonly termed "medical fee
disputes."  § 413.031(c).  In resolving medical fee disputes, "the
role of the division is to adjudicate the payment given the relevant statutory
provisions and commissioner rules." 
Id.  





[6]We
cite to the current administrative code provisions having found no material
variance between the relevant provisions of the current code and the code as it
existed during the relevant time period.   






[7]Dean
Foods contends Covenant was a "party" to the proceedings, not a
"subclaimant."  However, the
Hearing Officer's Decision indicates Covenant was participating as a
"subclaimant."  "Claimant
appeared and was represented . . . Subclaimant, Covenant Medical Center, was
represented."





[8]Under
Chapter 410, claims are first decided by a Hearing Officer, then appealed to
the TWCC Appeals Panel and finally heard before a district court.  § 410.302(b). 
See Combined Specialty Ins. Co.,
266 S.W.3d at 658. 
In a Chapter 413 proceeding, the fee bill dispute is first considered by
the medical review division; 28 Tex. Admin. Code § 133.307, then decided by
SOAH in a contested-case hearing; 28 Tex. Admin. Code 133.307(f)(1), before being finally heard by a district court in
Travis County. § 413.031(k)-(l).  Here,
the Hearing Officer's Decision and Order indicates Jara's case was decided
under " [Chapter 410 of] the Texas Workers' Compensation Act . . . and
[the applicable regulations]."     





[9]Regarding
payment of medical bills and related disputes, the Act speaks in mandatory
terms when an employee's claim is compensable. 
Howell v. Tex.
Workers Comp. Comm'n, 143 S.W.3d 416, 436-37 (Tex.App.--Austin 2004, pet.
denied).  See §§ 408.027(a), 408.027(b), 408.027(b), (1 & (2),
408.027(b). 





[10]"Medical
fee disputes involve disputes over the amount of payment for . . . health care
rendered to an injured employee (employee) that has been determined to be
medically necessary and appropriate for treatment of that employee's compensable
injury."  28 Tex.
Admin. Code § 133.305(a)(2).  A "medical fee dispute" does not
include disputes pertaining to compensability. 
See 28 Tex. Admin. Code §
133.307(e)(3)(H) ("[If] the carrier has raised a
dispute pertaining to compensability . . . , the Division shall notify the
parties of the review requirements pursuant to § 124.2 of this title, and will
dismiss the request until those disputes have been resolved by a final
decision, inclusive of appeals.")  





[11]A
"dispute" requires two parties who disagree, oppose or call into
question the payable amount of the medical fee owed to one who provided medical
services for an injured employee.  See Merriam-Webster's Collegiate
Dictionary 362 (11th Ed. 2003).  Once the
medical provider has waived his dispute by failing to timely file a claim or
agrees with the compensation carrier's audit of his medical bills, there is no
dispute.