NO. 07-09-0348-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 24, 2011

_____


COVENANT HEALTH SYSTEM D/B/A COVENANT
MEDICAL CENTER, APPELLANT

V.

DEAN FOODS COMPANY, A CERTIFIED SELF-INSURED,
APPELLEE

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-532,532; HONORABLE RUBEN REYES, JUDGE

_____

Before CAMPBELL AND HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Covenant Health System d/b/a Covenant Medical Center, appeals the trial court's order granting the plea to the jurisdiction filed by Appellee, Dean Foods Company, in a suit filed by an injured employee alleging bad faith and Insurance Code violations in connection with the non-payment of workers' compensation benefits. In a single issue, Covenant asserts the trial court erred in dismissing its claims related to the

non-payment of medical expenses for lack of subject matter jurisdiction. We reverse and remand.

## Background

Covenant intervened in an action filed by Daniel Jara, an employee of Dean Foods, to recover its medical expenses incurred during Jara's treatment for a work-related injury. On June 2, 2000, Jara injured his right knee while employed by Dean Foods and underwent knee surgery. The injury was compensable under the Texas Workers Compensation Act (Act).[1] In April 2004, Jara underwent a second knee operation at Covenant to treat a staph infection that developed in his right knee. As a result, Jara incurred approximately $600,000 in medical expenses.

In July 2004, Covenant submitted Jara's medical bills to Dean Foods for payment. Dean Foods's third party administrator, Crawford & Company (Crawford), audited Covenant's bills for compliance with the Act's medical fee guidelines and assessed deductions. Of the $599,364.54 in medical expenses submitted by Covenant, Crawford concluded $301,928.31 was payable. In August 2004, Covenant requested that Dean Foods reconsider its decision and, in September, Dean Foods affirmed its deductions and denied Covenant any payment asserting Jara's second knee operation was not compensable under the Act.

---

[1]*See* Texas Lab. Code Ann. §§ 401.001-506.002 (West 2006 and West Supp. 2010). For convenience, provisions of the Texas Labor Code will be cited throughout the remainder of this opinion as "section ____" and "§ ____."

2

Jara disputed Dean Foods's determination that his injury was non-compensable before the Texas Workers' Compensation Commission (TWCC) and a Contested- Case Hearing was held to determine whether Jara's compensable injury in June 2000 extended to his staph infection. Covenant joined as a subclaimant.[2] In April 2005, the Contested-Case Hearing Officer issued a Decision and Order wherein he determined "[Jara's] compensable injury sustained on June 2, 2000 [did] not include [his] staph infection." Jara appealed the Hearing Officer's Decision to the TWCC Appeals Panel who affirmed the Hearing Officer's Decision.

In August 2005, Jara filed an action in Lubbock County District Court seeking judicial review of the TWCC Appeals Panel's decision and asserted Dean Foods breached its duties of good faith and fair dealing, and fair settlement practices in violation of the Texas Insurance Code and Texas Deceptive Trade Practices Act (judicial review suit). Covenant subsequently intervened seeking payment of its medical bills and asserted claims against Dean Foods for bad faith and Insurance Code violations. In July 2006, the trial court severed and abated all claims for bad faith and Insurance Code violations, and assigned Cause Number 2005-532-049-A (bad faith suit) to those claims. In January 2007, the trial court entered an order granting Dean

---

[2]The Act states as follows:

> A person may file a written claim with the division as a subclaimant if the person has:
>
> (1) provided compensation, including health care provided by a health care insurer, directly or indirectly, to or for an employee or legal beneficiary; and
>
> (2) sought and been refused reimbursement from the insurance carrier.

§ 409.009.

3

Foods's *Plea to the Jurisdiction* in the judicial review suit and dismissed Covenant for failure to exhaust its administrative remedies "without prejudice to the refiling of same."

In July 2007, Jara's judicial review suit was tried before a jury who found in Jara's favor and the trial court entered a final judgment that Jara's compensable injury of June 2, 2000, included the staph infection. Neither party appealed and the trial court reinstated the bad faith suit. In April 2008, Covenant intervened in the bad faith suit again seeking to recover its medical expenses. In May 2009, Dean Foods moved to dismiss Covenant from the bad faith suit for lack of subject matter jurisdiction, asserting Covenant failed to exhaust its administrative remedies under the Act. The trial court granted Dean Foods's *Plea to the Jurisdiction.*[3] This appeal followed.

## Discussion

Covenant asserts the trial court erred in dismissing its claims for lack of subject matter jurisdiction due to a failure to exhaust its administrative remedies. In support, Covenant contends that it was not required to join Jara's appeal of either the Hearing Officer's or the TWCC Appeals Panel's decisions because it is a subclaimant and, as such, its claim is derivative of Jara's claim. Covenant also asserts that it was not required to undergo medical dispute resolution because Covenant did not dispute the reduced amount that Dean Foods determined was payable, i.e., $301,928.31. Dean

---

[3]*Dean Foods's Traditional and No Evidence Motion for Summary Judgment and Plea to the Jurisdiction Against Intervenor Covenant Health System d/b/a Covenant Medical Center* also asserted that Covenant lacked standing because there was no contractual or special relationship between Covenant and Dean Foods that would impose a duty of good faith and fair dealing on Dean Foods. Because the trial court's order granted *only* Dean Foods's *Plea to the Jurisdiction* and dismissed Covenant for lack of subject matter jurisdiction, we decline Dean Foods's invitation to address whether it owed any duty of good faith and fair dealing to Covenant in this appeal in the context of a challenge to Covenant's standing.

4

Foods, on the other hand, asserts that Covenant was required to join in Jara's appeals to preserve its claim for medical expenses and, because Dean Foods offered to pay less than the full amount requested by Covenant for Jara's treatment, Covenant's claim was required to undergo medical dispute resolution.

## I.    Standard of Review

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Whether a trial court has subject matter jurisdiction is a question of law; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004), that appellate courts review *de novo. Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). When conducting a *de novo* review, the appellate court exercises its own judgment and redetermines each legal issue, giving no deference to the trial court's decision. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1999) (op. on reh'g). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653, 657 (Tex.App.--Dallas 2008, no pet.). Where, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider the relevant evidence submitted by the parties to determine if a fact issue exists. *Id.* The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Id.* (quoting *Tex. Dep't of Parks & Wildlife*, 133 S.W.3d at 228). In reviewing a plea to the jurisdiction, an appellate court does not look to the merits of the case but considers only

5

the pleadings and evidence relevant to the jurisdictional inquiry. *Tex. Dep't of Parks & Wildlife,* 133 S.W.3d at 227.

## II.    TWCC's Exclusive Jurisdiction

The TWCC has exclusive jurisdiction to determine compensability; *In re Tyler Asphalt & Gravel Co., Inc.,* 107 S.W.3d 832, 839 (Tex.App.--Houston [14th Dist.] 2003, no pet.) (citing *Henry v. Dillard Dep't Stores, Inc.,* 70 S.W.3d 808, 809 (Tex. 2002)), as well as disputes related to medical fees; *Howell v. Tex. Workers' Comp. Comm'n,* 143 S.W.3d 416, 435 (Tex.App.--Austin 2004, pet. denied) (citing *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) (op. on reh'g), prior to any judicial review.[4]   A party's failure to exhaust their administrative remedies provided under the Act deprives the trial court of jurisdiction over a party's request for judicial review.  § 410.251; *Cont'l Cas. Co. v. Rivera*, 124 S.W.3d 705, 712 (Tex.App.--Austin 2003, pet. denied).

When compensability is disputed, judicial review is permitted only after the party has exhausted administrative review through a contested-case hearing or arbitration, followed by an appeal to a TWCC Appeals Panel.  §§ 410.251; 410.302(b).  *See Combined Specialty Ins. Co.,* 266 S.W.3d at 658.  If there is a dispute between a health

---

[4]When a carrier denies liability for payment of medical benefits on the basis that the injury is not compensable ("compensability disputes"), the general dispute resolution procedures of Chapter 410 of the Texas Labor Code apply. § 410.023. Disputes concerning the denial of payment or the payment of a reduced amount based on the medical necessity of treatment or the reasonableness of the fees are "medical disputes" governed by the dispute resolution procedures of Chapter 413. § 413.031; *Continental Cas. Ins. Co. v. Functional Restoration Associates*, 19 S.W.3d 393, 396 & n.2 (Tex. 2000).

care provider and a compensation carrier regarding a medical expense, the health care provider is entitled to review of the medical service; § 413.031(a),[5] and must exhaust administrative review through the TWCC's medical review division; 28 Tex. Admin. Code § 133.307 (2011),[6] and a contested-case hearing before the State Office of Administrative Hearings (SOAH); 28 Tex. Admin. Code § 133.307(f)(1), before seeking judicial review of the decision in a Travis County District Court as governed by Chapter 2001 of the Government Code. 28 Tex. Admin. Code § 133.307(f)(2)(F) (medical fee disputes); *see* Tex. Gov't Code Ann. § 2001.176(b)(1) (West 2008) (requiring request for judicial review to be filed in Travis County unless provided by statute).

## A.    Compensability

We agree with Covenant that its claim for medical expenses was derivative of Jara's claim seeking compensability and, as such, Covenant was not required to join Jara's appeal of the non-compensability determinations made by the Hearing Officer and the TWCC Appeals Panel in order to participate in the bad faith suit.

As a provider of medical services to Jara, or as a subclaimant, Covenant's claim for payment is contingent on Jara's ability to receive workers' compensation benefits

---

[5]Generally speaking, there are two types of "review of a medical service" that can be conducted under section 413.031(a). The first is a review of the "medical necessity" of a health care service, which is currently performed by an independent review organization (IRO). *See* § 413.031(d)-(e-3), (g)-(i). The other type of review concerns "disputes over the amount of payment due for services determined to be medically necessary and appropriate for treatment of a compensable injury," commonly termed "medical fee disputes." § 413.031(c). In resolving medical fee disputes, "the role of the division is to adjudicate the payment given the relevant statutory provisions and commissioner rules." *Id.*

[6]We cite to the current administrative code provisions having found no material variance between the relevant provisions of the current code and the code as it existed during the relevant time period.

7

under the statute, i.e, Covenant's claim is derivative of Jara's claim. *See Tex. Mutual Ins. Co. v. Sonic Systems International, Inc.,* 214 S.W.3d 469, 483-84 (Tex.App.--Houston [14th Dist.] 2006, pet. denied) (op. on reh'g). As such, it is unnecessary for Covenant to perfect an appeal of either the Hearing Officer's or the TWCC Appeals Panel's decisions because its expenses are a part of Jara's overall workers' compensation claim. *See Latham v. Security Ins. Co. of Hartford*, 491 S.W.2d 100, 105-06 (Tex. 1972) (op. on reh'g) ("The person whose standing is derivative to that of the employee would not be entitled to enforce the award, and he need not be made a party in a suit to set aside the award."); *City of Bridgeport v. Barnes,* 591 S.W.2d 939, 942 (Tex.App.--Fort Worth 1979, writ ref'd n.r.e.) (medical provider need not perfect an appeal of an adverse administrative ruling because its expenses were part of the employee's claim). In addition, although such medical expenses are usually a part of the injured employee's claim, health care providers such as Covenant have a direct cause of action against a compensation carrier under the Act. *See Latham*, 491 S.W.2d at 106 ("Medical expenses may be recovered in a direct action by the physician and others, but these expenses too are part of the injured employee's claim."); *City of Bridgeport,* 591 S.W.2d at 942.

Dean Foods contends that, because Covenant participated as a "subclaimant" in the contested-case hearing, Covenant was required to appeal the Hearing Officer's non-compensability determination to the TWCC Appeals Panel to preserve any claim based on Jara's medical expenses. Covenant's appearance in the contested-case hearing

was gratuitous[7] because section 409.009 indicates that a person qualifying as a subclaimant *may* participate by filing a written claim. § 409.009. Regardless whether Covenant filed a claim as a "subclaimant," its claim for reimbursement remained contingent upon Jara's ability to receive benefits under the statute; *Sonic Systems International, Inc.*, 214 S.W.3d at 477, and Covenant's gratuitous participation did not give the Hearing Officer any power to adjudicate Covenant's claim for reimbursement of its medical expenses. *Hooks, Inc. v. Pena*, 313 F.2d 696, 702 (5th Cir. 1963) (interpreting Texas's Workmen's Compensation Act); *see Latham*, 491 S.W.2d at 106 ("The inclusion of other names in the [TWCC's] award usually does no more than provide a detail of payment by the insurer for the benefit of the principal compensation claimant.") In addition, there is a separate and distinct administrative process to handle claims for medical expenses such as Covenant's and, other than referring to Covenant as a "subclaimant," the Hearing Officer's Decision and Order makes no mention of any claim for medical expenses.[8]

That Covenant does not qualify under the Act to appeal the TWCC Appeals Panel's decision supports this determination. The Act permits an appeal from an appeals panel decision in the form of judicial review if a party has exhausted its

---

[7]Dean Foods contends Covenant was a "party" to the proceedings, not a "subclaimant." However, the Hearing Officer's Decision indicates Covenant was participating as a "subclaimant." "Claimant appeared and was represented . . . Subclaimant, Covenant Medical Center, was represented."

[8]Under Chapter 410, claims are first decided by a Hearing Officer, then appealed to the TWCC Appeals Panel and finally heard before a district court. § 410.302(b). *See Combined Specialty Ins. Co.*, 266 S.W.3d at 658. In a Chapter 413 proceeding, the fee bill dispute is first considered by the medical review division; 28 Tex. Admin. Code § 133.307, then decided by SOAH in a contested-case hearing; 28 Tex. Admin. Code 133.307(f)(1), before being finally heard by a district court in Travis County. § 413.031(k)-(l). Here, the Hearing Officer's Decision and Order indicates Jara's case was decided under " [Chapter 410 of] the Texas Workers' Compensation Act . . . and [the applicable regulations]."

administrative remedies and "is aggrieved by a final decision." § 410.251. "[A] party is aggrieved by a final decision of the [TWCC] appeals panel if the injury or loss resulting from the final decision is actual and immediate; a possible future injury or loss as a consequence of the panel decision is not sufficient to show an aggrievement." *Insurance Co. of the State of Pa. v. Orosco*, 170 S.W.3d 129, 133 (Tex.App.--San Antonio 2005, no pet.). When an appeals panel decision finds the employee's claim is non-compensable, as here, there is no immediate or actual loss to the health care provider because the adverse decision of compensability by the appeals panel merely indicates that the employee's injury is not covered by the Act, i.e., the health care provider never had the legal right to reimbursement from the compensation carrier under the Act. His legal right to recover payment in full from the employee, however, remains viable. *See* § 413.042(a)(1) ("A health care provider may not pursue a private claim against a workers' compensation claimant . . . unless: (1) the injury is finally adjudicated not compensable under this subtitle.") *See also Smith v. Stephenson*, 641 S.W.2d 900, 902 (Tex. 1982) ("We do agree the employee maintains a contractual obligation to the provider . . . [and] may even become liable for all medical expenses if the injury is found to be non-compensable.").

Accordingly, we find the trial court did not lack subject matter jurisdiction over Covenant's intervention in Jara's bad faith suit due to any failure by Covenant to exhaust any administrative remedies in Jara's contested-case appeal to the Appeals Panel or his subsequent judicial review suit.

## B.    Medical Expenses

Covenant asserts that it was not required to undergo a Chapter 413 medical dispute resolution because it did not dispute the amount that Crawford determined was payable, i.e., $301,928.31. Dean Foods, on the other hand, asserts Covenant was required to request medical dispute resolution to preserve its claim for medical expenses because Dean Foods offered to pay less than the full amount requested by Covenant.

An employee "who sustains a compensable injury is entitled to all health care reasonably required by the nature of the injury as and when needed." § 408.021(a).[9] "A party, including a health care provider, is entitled to review of a medical service provided for which authorization of payment is sought if a health care provider is: denied payment or paid a reduced amount for the medical service rendered . . . ." § 413.031(a)(1). "A request for medical dispute resolution of a medical fee dispute must be timely filed with the TWCC's Medical Review Division." 28 Tex. Admin. Code § 133.307(c).[10] Otherwise, a person or entity that fails to timely file a request for review waives their right to dispute resolution. *Id.* It is undisputed that Covenant did not file for

---

[9]Regarding payment of medical bills and related disputes, the Act speaks in mandatory terms when an employee's claim is compensable. *Howell v. Tex. Workers Comp. Comm'n*, 143 S.W.3d 416, 436-37 (Tex.App.--Austin 2004, pet. denied). *See* §§ 408.027(a), 408.027(b), 408.027(b), (1 & 2), 408.027(b).

[10]"Medical fee disputes involve disputes over the amount of payment for . . . health care rendered to an injured employee (employee) that has been determined to be medically necessary and appropriate for treatment of that employee's compensable injury." 28 Tex. Admin. Code § 133.305(a)(2). A "medical fee dispute" does not include disputes pertaining to compensability. *See* 28 Tex. Admin. Code § 133.307(e)(3)(H) ("[If] the carrier has raised a dispute pertaining to compensability . . . , the Division shall notify the parties of the review requirements pursuant to § 124.2 of this title, and will dismiss the request until those disputes have been resolved by a final decision, inclusive of appeals.")

11

medical dispute resolution regarding Dean Foods's reduction of its medical bills submitted in July of 2004.

We agree with Covenant that the trial court erred in finding there was no subject matter jurisdiction over Covenant's claim for payment of its medical bills in the amount of $301,928.31. Although Covenant submitted medical bills totaling $599,364.54, Dean Foods audited Covenant's bills for compliance with the Act's medical payment guidelines and assessed reductions of $297,436.23. Because Covenant did not dispute these reductions in a timely manner, any recovery of this amount by Covenant was waived per regulation. However, given that the trial court issued a final judgment finding Jara's injury compensable, the amount determined by Dean Foods to be payable, $301,928.31, remains owing to Covenant.

Dean Foods contends that, whenever a compensation carrier reduces a health care provider's bill, whether or not the health care provider agrees with the reduction, the health care provider must request medical dispute resolution. We disagree. The Act's language regarding a health care provider's participation in medical dispute resolution is not mandatory, but permissive, i.e., where a compensation carrier denies payment or pays a reduced amount for the medical services rendered, "a health care provider, *is entitled* to review of a medical service . . . ." § 413.031(a)(1) (emphasis added). When the health care provider agrees to the compensation carrier's reductions or waives review through inaction, the health care provider can bring a direct action against the compensation carrier for the balance due for medical expenses incurred in

the treatment of a compensable injury. *See Latham*, 491 S.W.2d at 109; *City of Bridgeport,* 591 S.W.2d at 942.

Moreover, under the applicable regulations, once the health care provider who has made a request informs the Medical Review Division (MRD), or the MRD otherwise determines, the dispute no longer exists, the MRD can dismiss the health care provider's request for medical fee dispute resolution. 28 Tex. Admin. Code § 133.307(e)(3)(A). This language clearly indicates that a "dispute" is necessary before a request need be filed or reviewed by the MRD.[11] Here, Covenant either agreed with, or waived review of, Dean Foods's reductions. Accordingly, we find the trial court erred in its finding that it lacked subject matter jurisdiction over Covenant's claims asserted in the bad faith suit. Appellant's single issue is sustained.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice

---

[11]A "dispute" requires two parties who disagree, oppose or call into question the payable amount of the medical fee owed to one who provided medical services for an injured employee. *See* Merriam-Webster's Collegiate Dictionary 362 (11th Ed. 2003). Once the medical provider has waived his dispute by failing to timely file a claim or agrees with the compensation carrier's audit of his medical bills, there is no dispute.